**AMERICAN GENERAL INS. CO.**

**v.**

**HIGHTOWER.**

**No. 3055.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 22, 1954.

Rehearing Denied Feb. 12, 1954.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Pat Beene, Sentell, Rosser & Willbern, Snyder, for appellee.

LONG, Justice.

C. B. Hightower instituted this suit against American General Insurance Company to recover the benefits of the Workmen's Compensation Statute. The trial court, based upon a verdict of the jury, rendered judgment for Hightower for total and permanent disability and also for $529.38 medical expenses. From this judgment the insurance company has appealed.

Appellee pleaded that he sustained an accidental personal injury while in the course of his employment by W. O. Pelphrey. Appellant, in addition to a general denial, pleaded that Hightower was not an employee of Pelphrey at the time of his injury but, on the contrary, was an independent contractor.

By points one and two, appellant contends the court erred in overruling its motions for a peremptory instruction to the jury to return a verdict in its favor and for judgment non obstante veredicto because there was no evidence to support the jury finding that Hightower was an employee of Pelphrey but that it showed conclusively that he was an independent contractor. In passing upon this question, we must view the evidence in its most favorable light in favor of the judgment of the trial court.

The evidence discloses that in March, 1952, W. O. Pelphrey was engaged in construction of a road near Snyder, Texas. Appellee Hightower was the owner of a dump truck and entered into an agreement with Pelphrey to haul caliche from a pit to the road then being constructed. Under the agreement, Hightower was to haul the caliche and pay all of the expenses of the truck, including gas, oil, repairs and general upkeep. The first remuneration paid Hightower for hauling the caliche was 1¾ cents per yard of caliche hauled per quarter mile. Later, the price was raised to 2 cents per yard. All of the trucks used on this work, including the truck of appellee, were loaded by a shovel at the caliche pit under the direction of employees of Pelphrey. The caliche was then hauled from the pit to a place on the road and was unloaded at a place determined by the employees of Pelphrey. Appellee was required to be on the job at 7:00 o'clock in the morning and remain until 5:00 o'clock in the afternoon with one hour out for lunch. Under the agreement appellee was to drive his truck over the road being constructed. He was told not to exceed the speed limit and there is evidence that some of the truck drivers were discharged because they drove too fast. Under the agreement, either party had a right to terminate the relationship at any time.

We have concluded that the evidence raises an issue for the jury. Under appropriate instructions, the jury found that Hightower was an employee of Pelphrey and that he was not an independent contractor. We believe these findings have support in the evidence. We cannot say that Hightower was an independent contractor as a matter of law. The agreement under which he was working was not for a "specific piece of work." There was nothing in the agreement that contemplated a completed job. It was merely an agreement that Hightower would use his truck under the direction of Pelphrey in transporting caliche from the pit on to the road for a specified sum for each quarter mile hauled. We believe the principles announced in the following cases are controlling here: Southern Underwriters v. Samanie, 137 Tex. 531, 155 S.W.2d 359; Texas Employers' Ins. Ass'n v. Owen, Tex.Com.App., 298 S.W. 542; Maryland Casualty Co. v. Real, Tex.Civ.App., 244 S.W.2d 865.

The trial court did not err in refusing to peremptorily instruct a verdict in favor of the insurance company and in refusing to grant its motion for judgment non obstante veredicto.

Average weekly wages is defined by Article 8309, Vernon's Annotated Revised Civil Statutes, as follows:

"1. If the injured employe shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employe shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employe of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employe, or other employe engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties."

■ The jury, in answer to special issue No. 12, found that appellee had not worked substantially a year and in answer to special issue No. 13 found that there was not an employee who had so worked. In answer to special issue No. 14, the jury found that the average weekly wage of appellee, which would be just and fair to both parties under all the facts and circumstances, was $50 per week. It is the contention of appellant that the evidence is insufficient to support the finding of the jury to special issues Nos. 13 and 14. The evidence is undisputed that appellee had not worked in the employment in which he was working at the time of his injury substantially the whole of the year immediately preceding the date of his injury. The burden was on appellee to establish that it was impracticable to compute his average weekly wage under either subdivision 1 or 2 before he was entitled to have submitted subdivision No. 3. The evidence under subdivision No. 2 bearing on the issue as to whether there were other employees performing the same or similar services for as much as one year is very meager, but conceding that it is sufficient to support the finding of the jury on this issue, we believe we are compelled to hold the evidence is insufficient to support the answer of the jury to special issue No. 14 which submitted subdivision No. 3 of this article. Appellee testified that he earned from the operation of his truck on this job around $180 to $200 per week. However, there is no evidence as to what the expenses of carrying on this operation was. There is no evidence as to the cost of the oil, gas, depreciation of the truck, or as to what the net amount appellee was earning with his truck at the time of his injury. Furthermore, there is no evidence as to what truck drivers were being paid in the vicinity for similar work at that time. There is no evidence as to what appellee had earned at any other time and place. There is evidence that after his injury appellee employed a man to drive his truck under an agreement he was to receive a percentage of the amount the truck earned; that under this arrangement the truck driver made from $50 to $80 per week but the record is silent as to where this contract was made or where the truck was being operated. We believe there is no yardstick by which the jury could measure the wage rate of appellee at the time of his injury. In other words, it left the jury to speculate and conjecture on this issue. We are of the opinion that appellant's point of error No. 5 should be sustained. American Employers' Ins. Co. v. Singleton, Tex.Com. App., 24 S.W.2d 26.

■ Appellee filed a trial amendment setting up for the first time a cause of action for doctor's services, medicine, hospital, nurses and medical supplies in the sum of

$529.38. Appellant excepted to this amendment for the reason that it was insufficient under the law to state a cause of action in that there was no pleading as to the time such expenses were incurred. We believe the exception should have been sustained and that the pleading should have complied with Article 8306, Section 7, Vernon's Annotated Revised Civil Statutes.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.