**AMERICAN GENERAL INSURANCE COMPANY, Appellant,**

**v.**

**C. B. HIGHTOWER, Appellee.**

No. 3166.

Court of Civil Appeals of Texas.

Eastland.

April 29, 1955.

Rehearing Denied June 3, 1955.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Sentell, Rosser & Willbern, Pat Beene, Snyder, for appellee.

LONG, Justice.

C. B. Hightower sued American General Insurance Company to recover benefits under our Workmen's Compensation Statute, Vernon's Ann.Civ.St. art. 8306, § 1 et seq. This is the second appeal of this case. The opinion of this court on the first appeal may be found in 264 S.W.2d 481. The evidence upon the second trial is substantially the same as that developed on the first trial. On the second trial, Hightower, based upon the findings of a jury on special issues, recovered judgment for total and permanent disabilities. The insurance company has appealed.

Appellant, by its first point, complains of the action of the court in refusing to give, in connection with special issue No. 2, the following requested instruction:

"You are instructed in connection with Special Issue No. 2 that the ex-

ercise by a person who has made a contract of the right to supervise the work in such way as to see that it is performed according to contract does not make the relationship that of employer and employee."

Special issue No. 2 and the definition given in connection therewith, are as follows:

"Do you find from a preponderance of the evidence that such injury or injuries, if any, sustained by the plaintiff, C. B. Hightower, were sustained by him while working as an employee of W. O. Pelphrey?

"By the term 'employee' as used, is a person in the service of another under any contract of hire, expressed or implied, oral or written, whereby the employer retains or exercises the right of control in directing, not merely the end sought to be accomplished, but also the means and details of the accomplishment, not merely what shall be done, but how it shall be done. Answer 'Yes' or 'No.'

"Answer: Yes."

We are of the opinion the court did not err in refusing to give the special instruction. Rule 277, R.C.P., provides in part that the court shall submit such special instructions and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. The definitions the court gave of employee has been approved many times by our courts. Security Union Ins. Co. v. McLeod, Tex.Com.App., 36 S.W.2d 449; Southern Surety Co. v. Shoemake, Tex. Com.App., 24 S.W.2d 7. The definition given adequately covered the requested special instruction. It was not necessary for the court to give the requested instruction to enable the jury to properly answer the issue.

By its second point, appellant contends the court erred in overruling its objection to special issue No. 2 for the reason that such issue is duplicitous and

confused one of the main controverted issues in the case, that of whether the plaintiff was an employee, with an issue of when he was injured so that the issue of whether the plaintiff was an employee was never presented to the jury. We cannot agree with this contention. In our opinion, the issue is not subject to this critcism. It was undisputed that Hightower was injured while either an employee or an independent contractor, working for W. O. Pelphrey. Furthermore, the jury found, in answer to special issue No. 1, that Hightower did sustain an injury on or about April 28, 1952. Issue No. 2 was predicated on an affirmative answer to issue No. 1. The court did not err in overruling the exception. Texas Employers Ins. Ass'n v. Thrash, Tex.Civ. App., 136 S.W.2d 905.

 Appellee Hightower had not worked substantially a year at the time he was injured. The jury found that there was not an employee performing the same or similar class of employment as appellee who did work substantially the whole of the year in Scurry County or in neighboring places and vicinities.

Appellant contends the trial court erred in overruling its objection to special issues No. 13 and 14 for the reason that there was no evidence or insufficient evidence to raise the issue as to whether there was an employee performing the same or similar work as appellee in the same or neighboring place who did work substantially the whole of the year immediately preceding April 28, 1952. We have carefully considered the evidence and are of the opinion that it is sufficient to sustain these findings. The burden was upon appellee to show that no other employee of the same class worked substantially the whole of the preceding year in the same or similar employment in the same or neighboring place. Article 8309, § 1, Vernon's Annotated Civil Statutes.

 Appellee, at the time he was injured, was operating a dump truck. There was evidence that there were no truck drivers doing the same kind of work who had been so employed for substantially a year immediately prior to the time appellee was injured. Honorable Pat Beene, one of the attorneys for plaintiff, testified that he made an extensive investigation in the community in and around Snyder and that he did not find any employee engaged in the same type of work in which Hightower was engaged or similar employment who had worked substantially the whole of the year next preceding the date of Hightower's injuries. Appellant urges that this evidence is hearsay and, therefore, not admissible. In passing upon a similar contention, the court, in Southern Underwriters v. Boswell, Tex.Civ.App., 141 S.W.2d 442, 450, said:

"In such circumstances it would be all but a physical impossibility to prove that none of those engaged in employment like that of plaintiff had worked as much as 300 days during the year immediately preceding July 30th, 1938. The language used in the third division of Section 1, supra, leads us to believe that no hard and fast rule of construction should be applied in a way that would deprive an injured employee from proving his right to compensation under our Workmen's Compensation Laws. * * *

"It occurs to us that the witnesses were qualified to express their opinion in the matter as a circumstance for consideration by the jury. It is true they admitted upon cross examination that their testimony was based upon what they had been told, but it seems that it would have been impracticable to have ascertained whether or not any out of so many had so worked in any other manner. * * * In such a situation we think necessity would require a relaxation of the strict rule applicable to the admission of hearsay evidence.

"It is now well settled by our courts that a liberal construction of our compensation law should be applied to

.afford the relief to injured employees and not to defeat the purposes for which the law was enacted. With this in view, our courts have held that in such cases as this, where there is no real effort made by the insurance carrier to disprove such facts as were established in the manner as was attempted in this case, a small amount of evidence was sufficient to discharge the burden cast upon the employee." See also Federal Underwriters. Exchange v. Arnold, Tex.Civ.App., 127 S.W.2d 972; Federal Underwriters. Exchange v. Porterfield, Tex.Civ.App., 182 S.W.2d 847.

There was no real controversy over the wage rate in the trial court. Therefore, very slight evidence was sufficient to discharge the burden resting upon appellee in showing that his wage rate should be computed under subsection No. 3.

Appellant relies upon Texas Employers' Ins. Ass'n v. Ford, Tex., 271 S.W.2d 397, wherein the court held the evidence insufficient to show that the average weekly wage of the employee could not be computed under subsection 2. The court held that the substance of the testimony in that case showed that the witness did not know whether any facts existed which would enable the court to determine the average weekly wage under subsection 2. That case is distinguishable on the facts from the instant case. In the case before us there was evidence from which the jury could conclude that appellee's wages could not be computed under subsection 2.

We overrule appellee's contention that this appeal was made for delay only and that ten percent damages should be assessed against appellant.

We have carefully considered all points raised by appellant and find no reversible error in any of them.

The judgment of the trial court is affirmed.