ST. PAUL MERCURY INSURANCE
COMPANY, Appellant,

v.

A. E. JACKMAN, Appellee.

No. 3497.

Court of Civil Appeals of Texas.

Eastland.

Jan. 8, 1960.

Rehearing Denied Feb. 5, 1960.

Ramey, Brelsford, Hull & Flock, Tyler, for appellant.

Joe H. Tonahill, John H. Seale, Jasper, for appellee.

WALTER, Justice.

This is a compensation case. Based on the jury's verdict, judgment was entered for A. E. Jackman against St. Paul Mercury Insurance Company for total and permanent disability benefits. The insurance company has appealed.

Appellant contends there was no evidence, or insufficient evidence, to warrant the submission of the wage rate issue under subsection 1 of Section 1 of Article 8309, and that the court erred in entering a judgment based on the jury's answer thereto and in considering the jury's finding of an average weekly wage of $100. Appellant also complains about the admission of evidence, sustaining appellee's objection to some of its argument to the jury, comment by the Judge on the weight of the evidence, failing to sustain its objection to a remark made by appellee's counsel and in overruling its motion for a mistrial. It also contends there was no evidence, or insufficient evidence, to sustain the finding of permanent incapacity.

Appellee was injured on July 19, 1958, while employed as a truck driver by H. A. Shannon. For about four years prior to leaving Air Reduction Sales' employment, appellee had worked as a truck driver, earning $100 per week. During the year immediately prior to his accident, the appellee had worked as a truck driver for Air Reduction Sales, Henry Fox, Yellow Transit and Shannon. The uncontradicted evidence established that appellee worked at least forty-six weeks during the year prior to his accident as a truck driver, earning at least $100 per week.

The general rule is that the workman's compensation act should be construed liberally in favor of the injured party. Texas Indemnity Insurance Company v. Carson, Tex.Civ.App., 21 S.W.2d 691. The appellant offered no evidence on the wage rate issue and no real contention was made on this issue. Therefore, very slight evidence was sufficient to discharge the burden resting appellee. American General Insurance Company v. Hightower, Tex.Civ.App., 279 S.W.2d 397, (Writ Ref. N.R.E.). Where the annual earnings can be established with reasonable certainty during the year preceding the injury, the annual earnings become the determining factor for calculating the compensation rate. Texas Employers Insurance Ass'n v. Clack, Com. App., 134 Tex. 151, 132 S.W.2d 399. We hold appellee's average weekly wage was ½nd part of his earnings during the year prior to his injury, namely, $4,600, and 60% of this amount would constitute his compensation rate, which would be sufficient to entitle him to the maximum of $35 per week. It was not necessary for the court to have submitted the wage rate issue because the undisputed evidence revealed that, if appellee were entitled to compensation, he was entitled to the maximum rate permitted by the workman's compensation act. Norwich Union Indemnity Co. v. Wilson, Tex.Civ.App., 17 S.W.2d 68 (Writ Dis.); Federal Underwriters Exchange v. Guest, Tex.Civ.App., 129 S.W.2d 708 (Dis.Judgm.Correct).

The methods of computing average weekly wage are set forth in Article 8309. Appellant's first and second groups of points complain that the appellee did not strictly comply with subsection 1 of Section 1 of said article. This record shows conclusively that appellee was entitled to the maximum compensation rate, therefore,

the errors complained about, if any, did not cause the rendition of an improper judgment and were harmless. Rules of Civil Procedure, rule 434; Southern Underwriters v. Grimes, Tex.Civ.App., 146 S. W.2d 1058.

Justice Norvell, speaking for the court in Consolidated Casualty Insurance Company v. Ray, Tex.Civ.App., 267 S.W.2d 880, 883, (Writ Ref. N.R.E.), said: "It appears as a matter of law that appellant's compensation rate was the maximum allowed by statute, to wit, $25 per week. In the absence of a showing of injury, this Court has repeatedly refused to reverse because of a failure to comply in all particulars with the statutory formula for determining the wage rule."

█ Appellant's points relative to the courts' action in sustaining an objection to its argument and the court's comment on the weight of the evidence cannot be sustained.

During appellant's argument he said, "Who should have seen to getting Dr. Bennett up here to testify? Why didn't they get him here? I think fully their failure to produce Dr. Bennett, we are under no obligations to do so—" An objection was made to such argument and the court said "Ladies and gentlemen of the Jury, you are instructed not to consider that statement, coming from the attorney that they were not under obligations and the Court will state to you that neither of them were under an obligation, if they didn't want to. Either one of them that wanted to could have had him up here." The appellant took a bill of exception to the ruling and remarks of the court.

During the argument of appellee's counsel, he said "Did they bring Dr. Bennett here?" The court sustained appellant's objection to such argument and said "Sustain the objection to the statement: 'Did they bring Dr. Bennett here?', also to the statement of the Attorney that, 'He was the Plaintiff's Doctor', because either one

of them could have called him if they had wanted him." No objection was made to the remarks of the court "because either one of them could have called him if they had wanted him".

In the court's qualification of appellant's bill of exception, he certifies that before announcing ready for trial, the attorney for the insurance company represented to him that he would probably need some time to get Dr. Bennett in court. Appellee testified that he and his father-in-law went to see Dr. Bennett at his office in San Augustine and that neither the insurance company nor his employer sent him to Dr. Bennett. Neither side called Dr. Bennett as a witness. At the time the court sustained the objection, he stated that he was not in any manner undertaking to prevent appellant from commenting upon the failure of Dr. Bennett being "here". The court also instructed the jury as follows: "Ladies and gentlemen of the jury, you will not consider for any purpose the statement that the Court made with reference to Dr. Bennett, in response to the objection made to the argument. The Court should not have made that statement and you will not consider it for any purpose in this case."

The insurance company's attorney testified that he had a conversation with Dr. Bennett with regard to the appellee and the findings he made.

The record reveals that both parties had knowledge of the existence and identity of the witness Dr. Bennett and the nature of the testimony he was expected to give. By informing the court that he might need more time to get Dr. Bennett in court, it would be inferred that appellant's counsel thought the doctor's evidence would be favorable. This is especially true since the record reveals that appellant's attorney had talked with the doctor about his findings.

█ "Where a party fails to call witnesses who have a knowledge of the facts and whose testimony is available to him, such failure creates a presumption that the

testimony, if produced, would have been unfavorable to the party on the issue involved." McCormick and Ray, 1 Texas Law of Evidence, 2nd Ed., page 138.

We hold that Dr. Bennett was as much available to the appellant as the appellee. The record does not affirmatively show that Dr. Bennett was available to either party by service of subpoena under R.C.P. 176. Argument of failure to produce a witness is not permissible where the witness is available to both parties alike or is not available to either party. See Texas Employers Insurance Ass'n v. Hicks, Tex.Civ.App., 237 S.W.2d 699 (Ref. N.R. E.).

The remarks of the court, in substance, were before the jury without objection and when the remarks were made the second time and the objection was made, he promptly instructed the jury not to consider his remarks. Our Supreme Court in Younger Bros., Inc. v. Myers, Tex., 324 S.W.2d 546, 550, said " * * * we are unwilling to accede to the proposition that jurys pay little or no attention to the instruction of the trial judges." We hold that appellant has failed to show from the record as a whole that the remarks of the court were reasonably calculated to cause and probably did cause, the rendition of an improper judgment. R.C.P. 434.

The appellant's points that there was no evidence to raise the issue of permanent incapacity and that there was no evidence to support the jury's finding of permanent incapacity cannot be sustained. The medical testimony in the record and the testimony of the appellee on this issue constitute evidence of probative force upon which the court was warranted in submitting said issue and supporting the jury's answer thereto.

Our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, has set forth the rule to be followed by the courts of civil appeals in passing on great weight and preponderance of the evidence points. We have followed the principles of law announced by our Supreme Court in passing on appellant's point that the jury's finding that appellee sustained permanent incapacity is against the great weight and preponderance of the evidence and find no merit in appellee's contention and same is overruled.

We have considered all of appellant's points and find no merit in them and they are overruled.

Judgment affirmed.