James H. QUARLES, Appellant,

v.

Mrs. Euna GLOVER, a Widow, et al., Appellees.

No. 13507.

Court of Civil Appeals of Texas.

Houston.

May 5, 1960.

Conway & Navarro, Walter Conway, Houston, for appellant.

Baker, Botts, Andrews & Shepherd, Alvin M. Owsley, Jr., Houston, for appellee Houston Transit Co.

WERLEIN, Justice.

This is an appeal by appellant, James H. Quarles from a judgment dismissing the cause of action of Mrs. Euna Glover, a widow, upon her taking a voluntary nonsuit in that certain action brought by her against the defendant, Houston Transit Company, for damages. In his petition in intervention filed in such cause, appellant alleged that on or about April 4, 1957, the plaintiff in said suit by written assignment conveyed to him a 10% undivided interest in and to *his* claim and cause of action asserted in such suit, to wit:

"In consideration for the services of the said (Intervenor), the undersigned hereby agrees to sell, convey and assign a ten percent (10%) interest to said (Intervenor) of whatever sum may be realized to the undersigned in the above mentioned matter."

No other part of the assignment is set out and the same does not appear in the record.

He further alleged that he had performed the services required of him under the assignment and now owns 10% of the claim and cause of action asserted by plaintiff; that he adopts the allegations of plaintiff's petition, says the same are true, and that plaintiff has sustained the damages claimed, and that he is entitled to 10% of such damages. He then prays that plaintiff and intervenor be awarded judgment against the defendant for their damages and that intervenor be awarded 10% of the recovery.

Both plaintiff and defendant in the suit filed answers to said petition in intervention. On March 27, 1959 the plaintiff took a voluntary nonsuit, and the court entered an order that her suit against the defendant be dismissed without prejudice and that costs be taxed against her.

On March 30, 1959, appellant filed a motion in opposition of the granting of the voluntary nonsuit and for reinstatement of plaintiff's cause of action, which motion was overruled the same day. No notice of appeal was given. The defendant at the same time moved to dismiss appellant's petition in intervention and on May 18, 1959, the court entered an order dismissing the same without prejudice to whatever enforceable legal rights appellant may have against Mrs. Euna Glover, or Houston Transit Company. Appellant gave notice of appeal from this order.

In his motion for new trial, filed May 22, 1959, appellant complained that the court dismissed his intervention on defendant's motion, and he moved the court to grant him a new trial and a hearing on the 25th day of May, 1959. Such hearing was had on said date, and the court found that "the intervention as a matter of record was one where he (the intervenor) would recover ten percent out of any recovery made by the plaintiff, and in view of the fact that the cause of action had been dismissed upon the motion of the plaintiff, no recovery could be made in this cause by the plaintiff, and the court informed counsel that he would sustain a motion to dismiss the intervention, to be later filed by the defendant, Houston Transit Company, and entered on the docket as of March 30, 1959. That the intervention of James H. Quarles was dismissed upon motion of the defend-

ant, Houston Transit Company, as per decree."

No notice of appeal was given from the order of the court overruling intervenor's motion for new trial. The only notice of appeal that was given in the case by intervenor was to the order of the court dismissing the intervention of appellant.

■ Appellant, in his sole Point of Error, does not complain of the action of the court in dismissing his intervention, but merely in dismissing the plaintiff's cause of action without notice to him and in refusing to reinstate such cause of action. He also complains of the court's order in overruling his motion for new trial. Since appellant did not give notice of appeal from the order of the court dismissing plaintiff's cause of action, there is some question as to whether he should now be permitted to complain of the court's action in dismissing the same. His sole Point of Error, however, (except for his complaint that the court erred in overruling his motion for new trial) and his brief, are limited to that one proposition. We are of the opinion there is no merit in his contention. Rule 164, Texas Rules of Civil Procedure, provides:

"At any time before the jury has retired, the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief * * *."

This rule should be liberally construed to effectuate the right to take a nonsuit. Smith v. Columbian Carbon Co., 1947, 145 Tex. 478, 198 S.W.2d 727; Texas Van Lines Inc. v. Templeton, Tex.Civ.App., 305 S.W.2d 646, ref., n. r. e.; McClendon v. McClendon, Tex.Civ.App., 289 S.W.2d 640.

■ The nonsuit of the plaintiff, Euna Glover, and the court's order of dismissal of her cause of action, did not prejudice appellant's intervention. Indeed, the court in its order of dismissal stated that the cause of action "in so far as it pertains to the suit of Mrs. Euna Glover v. Houston Transit Company should be dismissed. * * *." The petition in intervention was not dismissed at such time but remained on the court's docket, and could have been prosecuted except for the later order of the court dismissing it. We refrain, of course, from passing upon the effect or validity of the alleged assignment.

The cases cited by appellant do not militate against our holding with respect to the plaintiff's right to take a nonsuit in this case. Davis v. Wichita State Bank & Trust Company, Tex.Civ.App., 286 S.W. 584, writ dism., w. o. j. The workmen's compensation cases cited by appellant in which the insurance company was not permitted to take a nonsuit in an action brought by it to set aside an award of the Industrial Accident Board, are distinguishable in that in such cases the nonsuit would have deprived the court of jurisdiction of the case or the injured party of a valuable right. Such is not the case here.

■ If appellant's sole Point of Error can possibly be construed to include also an assignment of error as to the action of the court in dismissing appellant's intervention, such contention, if any, cannot be considered because it is not briefed by appellant and hence will be treated by this Court as waived. Stanford v. Brooks, Tex.Civ. App.1957, 298 S.W.2d 268; Reiswerg v. Martinez, Tex.Civ.App.1957, 299 S.W.2d 388, ref., n. r. e.

The judgment of the trial court is affirmed.