**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**Richard F. ENGLISH, Appellee.**

**No. 11087.**

Court of Civil Appeals of Texas.

Austin.

May 15, 1963.

Rehearing Denied May 29, 1963.

Lewright, Dyer & Redford, James W. Wray, Jr., Corpus Christi, for appellant.

Hill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

HUGHES, Justice.

This is a Workmen's Compensation case in which judgment for appellee, Richard F.

English, was rendered against the insurance carrier, Texas Employers' Insurance Association, for compensation for ten weeks total incapacity and permanent partial incapacity. The only questions presented by appellant relate to the Court's action in basing his judgment upon a compensation rate of $35.00 per week.

Trial was to a jury. Special issues 5, 6 and 7, and the jury's answer thereto are as follows:

"SPECIAL ISSUE NO. 5: Do you find from a preponderance of the evidence that there was another employee of the same class as the plaintiff working at least 210 days of the year immediately preceding the date of the plaintiff's injuries, if any, on the 6th day of January, 1961, in the same or similar employment in the same or a neighboring place?

"Answer 'We do' or 'We do not'.

"We do.

"If you have answered Special Issue No. 5 'We do', and only in that event, then answer:

"SPECIAL ISSUE NO. 6: What do you find from a preponderance of the evidence to be the average daily wage earned by such employee in such employment during the days actually worked?

"Answer by stating the amount, if any, in dollars and cents.

"Eighteen Dollars

"SPECIAL ISSUE NO. 7: What amount of money, if any, do you find from a preponderance of the evidence to be just and fair to the plaintiff and defendant to be fixed as the average weekly wage of the plaintiff as of the date of injury?

"Answer by stating the amount in dollars and cents.

"One Hundred & Twenty-five Dollars."

The jury had previously found that appellee had not worked the requisite time in the same employment to establish his average weekly wage.

Appellant's first point is that there is no evidence to sustain the answer of the jury to Issue No. 6. We are unable to agree. Mr. Carlos W. Murphy, a witness for appellee, testified:

"MR. ABRAHAM: No. Would you state that, what was your average daily wage during the days when so employed in the same or similar work as Mr. English was performing during the time you so worked in the year before this accident when you say you have worked at least 210 days in that type work?

"THE WITNESS: Well—

"Q Do you understand the question or is it too strung out?

"A I believe I understand. Approximately—I wouldn't know exact—about two dollars an hour, eight hours a day, and then overtime which would run it up to about approximately eighteen dollars a day. Is that what you want?

"MR. ABRAHAM: Yes, that's fine. Pass the witness."

Appellant offered no testimony to rebut or controvert the testimony of Mr. Murphy. It thus appears that there was no real controversy in the Trial Court concerning the wage rate to be used in fixing appellee's compensation. Under these circumstances, very slight evidence is required to discharge the burden resting upon appellee in this respect. American General Insurance Company v. Hightower, Tex.Civ. App., 279 S.W.2d 397, Eastland Civil Appeals, writ ref., n. r. e. We find the evidence sufficient to support the jury finding and we, therefore, overrule Point One.

Appellant's Point Two is that the Court erred in basing its judgment upon the

jury finding of average weekly wage in Special Issue 7, supra, for the reason that computation of average weekly wages under the "just and fair" rule provided in Sub-section (3) of Section 1 of Art. 8309, Vernon's Ann.Civ.St., is inapplicable since the proof fails to negative the applicability of Sub-section (2) of Section 1, id., for computing appellee's average weekly wage, pointing out that the jury in answering Special Issue No. 5, supra, excludes the application of any method of computing such wages except as provided in Sub-section (2). We agree that this is correct; it is, however, unimportant. The judgment rendered is computed under Sub-section 2, Section 1, and valid jury findings which support its application.

The judgment of the Trial Court is affirmed.

Affirmed.