**TEXAS EMPLOYERS' INSURANCE ASSO-CIATION, Appellant,**

v.

**Clarence CHARLES, Appellee.**

No. 7576.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 11, 1964.

Rehearing Denied Sept. 8, 1964.

Fuller & Fuller, Port Arthur, for appellant.

Fred J. Rafes, Waldman & Smallwood, Beaumont, for appellee.

CHADICK, Chief Justice.

This is a workman's compensation case. The injured workman was awarded a total of $6875.36 in compensation for temporary total disability and permanent partial disability produced by an accidental injury received in the course of employment as a stevedore. The judgment of the trial court is affirmed.

FIRST GROUP

"POINT OF ERROR NO. ONE. That the trial court erred in submitting special issues number thirty-one and thirty-two inquiring as to whether or not there was not one or more employees of the same class as the plaintiff working at least two hundred ten days in the year immediately preceding the date of Plaintiff's injury, (Special Issue No. 31); and, in the event that the jury found that there was not such another employee, then inquiring as to a fair and just average weekly wage of the plaintiff (Special Issue No. 32) for the reason that there was no evidence to support a finding to Special Issue 31 to the effect that there was not such another employee, or, in any event, the evidence was entirely insufficient to support such a finding and without such a finding in answer to Special Issue No. 31, plaintiff was not entitled to a submission of Special Issue No. 32.

"POINT OF ERROR NO. TWO. That the trial court erred in overruling Defendant's objections to the said Special Issues No. 31 and 32."

The only evidence offered was that produced by the workman-plaintiff. The workman had been employed slightly more than two months by his employer at the time of injury on December 16, 1958, although he had worked for the same employer as a stevedore for some time in 1942 or 1943. Immediately preceding the employment engaged in at the time of injury he had been some four months in the service of a different employer. The greater part of his life had been spent as a resident of the area, Port Arthur, where he was working when injured.

While under the interrogation of his counsel he was asked if he had checked with friends and acquaintances to ascertain whether or not a stevedore in that area, performing work similar to that he was doing when injured, had worked as much as 210

days in the year preceding the date of injury. He answered, "I checked, but I didn't find anybody". He also said the persons he talked to did not work 210 days during the period inquired about, and that he did not know or hear of anyone employed in that time period for that number of days. The chief accountant for his employer testified that none of the employees, doing work similar to that of this workman, were on the job as much as 210 days during the year preceding injury.

 Only slight evidence is required to sustain the jury's verdict upon the two issues submitted. Texas Employers' Insurance Association v. English, 368 S.W.2d 120, Ct.Civ.App.1963, writ ref., n. r. e.; St. Paul Mercury Insurance Company v. Jackman, 331 S.W.2d 253, Tex.Civ.App. 1960, writ ref., n. r. e.; I. C. T. Insurance Company v. Wineman, 308 S.W.2d 549, Tex.Civ.App.1957, writ ref., n. r. e.; Transport Insurance Co. v. Cossaboon, 291 S.W. 2d 746, Tex.Civ.App.1956, writ ref., n. r. e. The workman's connection with the industry, his long residence in the area, and probable familiarity with workmen following the longshoremen's vocation, in the absence of a motive for failure would warrant the jury in giving weight and credence to his testimony that there was no other workman of the same class in the area who had worked in similar employment 210 days in the year preceding the date of injury. This evidence is superficial, still there is no other evidence tending to refute or discount it. Under the circumstances, it is sufficient to support the jury's findings. A very recent case having a similar factual basis is Travelers' Insurance Company v. Marmolego, 374 S.W.2d 280, Ct.Civ.App.1963; see also Southern Underwriters v. Boswell, 141 S. W.2d 442, Ct.Civ.App.1950; American General Ins. Co. v. Hightower, 279 S.W.2d 397, Ct.Civ.App.1955, writ ref., n. r. e.

### SECOND GROUP

"POINT OF ERROR NUMBER THREE. The trial court erred in including in the submission of Special Issue No. 6, which issue inquired as to the duration of any total loss of the use of plaintiff's left leg, the instruction to 'answer by giving the number of weeks, not exceeding two hundred weeks', for the reason that by so doing, the court informed the jury of the effect of their verdict of the judgment to be rendered by the court.

"POINT OF ERROR NUMBER FOUR. That the trial court erred in overruling Defendant's objections to the submission of the said Special Issue No. 6.

"POINT OF ERROR NUMBER FIVE. That the trial court erred in the submission of special issue No. 10, which inquired as to the duration of any partial loss of the use of plaintiff's left leg, the instruction to 'Answer by giving the number of weeks, not exceeding two hundred weeks', for the reason that by so doing the court informed the jury of the effect of their verdict on the judgment to be rendered by the court.

"POINT OF ERROR NUMBER SIX. That the trial court erred in overruling defendant's objections to the submission of Special Issue No. 10."

The appellant's argument is skilfully summarized in this extract from its brief, to-wit:

"It is the position of the Appellant that the instruction complained of had the effect of explaining or advising the jury that the effect of a finding on their part that the plaintiff's disability was limited to the leg would result in a judgment of a recovery of not more than two hundred (200) weeks compensation. Whereas, since no such limitation was placed upon the answer to the question relating to general disability, the jury would know that by answering affirmatively that the plaintiff had sustained general disability that he would receive more than two hundred

(200) weeks compensation benefits. This is particularly true inasmuch as the plaintiff had read his pleadings to the jury wherein it was alleged that he was seeking to recover four hundred one (401) weeks compensation benefits for total permanent disability."

■ Unquestionably the jury should not be purposely informed of the legal consequences of their answers to special issues submitted to them. McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213; Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000; Robinson v. Lovell, Tex.Civ.App., 238 S.W. 2d 294; Sisk v. Glens-Falls Indemnity Company, Tex.Civ.App.1958, 310 S.W.2d 118. This record contains no evidence that the jurors individually or collectively reasoned out the effect of their answers from the information contained in the court's charge. It is obvious that had the jurors given thought to the effect of their answers, they could have concluded that if they found the injury to the workman's left leg extended to and affected other parts of his body, thereby causing incapacity of a general nature, the workman would probably be entitled under the law to receive more than the 200 weeks of compensation he was limited to if they found his disability affected his left leg alone.

The question necessary to decision is whether or not the instructions given are harmful when the entire record is considered. Rule 434, Vernon's Ann.Tex.Rules. To reach the salient question, it will be assumed that the court's charge was erroneous, although that specific question is not decided.

■ Except by instructions not to do so, no method is perceived by which the trial judge might submit all issues raised by the pleadings and evidence in this case without leaving an opportunity for jurors, if they chose, to speculate upon the effect of their answers. In this instance had the Judge omitted the challenged instructions and placed no limitation on the jury's answers, as he did with respect to the general disability issues, the jury's findings, if they exceeded the maximum allowed by law, could have been controlled by judgment. But a juror, of ordinary mental capacity, had he reflected upon the question, could have, and probably would have, concluded that the compensation law would surely allow more weeks of compensation for an injury incapacitating the body generally than for an injury confined to and incapacitating one leg. Common sense, if not common knowledge, would suggest that since the body is greater than one of its parts, the compensation allowed by law would increase in proportion to the incapacity caused by the extension of the injury over the body. A juror's speculation, if he indulged in it, would bring him to the same conclusion whether the Judge gave the instructions objected to or left them out. Harm is not shown. See Texas Employers' Ins. Ass'n v. Logsdon, 278 S.W.2d 893, Tex. Civ.App.1954, writ ref., n. r. e.; Tripp v. Bloodworth, 374 S.W.2d 713, Tex.Civ.App. 1964, and St. Paul Fire and Marine Ins. Co. v. Foster, 375 S.W.2d 355.

### THIRD GROUP

"POINT OF ERROR NUMBER SEVEN. The trial court erred in refusing to submit the special issues requested by the defendant seeking a finding by the jury as to whether or not a subsequent automobile-bus accident in which the plaintiff was involved on or about February 16, 1959, contributed to the disability of the plaintiff.

"POINT OF ERROR NUMBER EIGHT. That the trial court erred in refusing to submit the following substantially correct definition of the term 'producing cause' :

"'By the term "producing cause" as used in this charge, is meant that cause, which in a natural and continuous sequence, unbroken by any new and independent cause, produces the disability, if any, inquired about,

and without which, such disability, if any, would not have occurred.' "

Proof was made that the workman received an injury on December 16, 1958, that was found by the jury to be a producing cause of his disability, and of course, compensable under the Workmen's Compensation Law. On February 16, 1959, in an auto-bus collision the workman received a non-compensable injury. Special Issue No. 25 reading as follows,

"Do you find from a preponderance of the evidence that the disability, if any, of the plaintiff, is not solely caused by the injury, if any, sustained by plaintiff in the bus-automobile collision of February 16, 1959, arising wholly independent of and not aggravated by an injury, if any, sustained by him on December 16, 1958?"

was answered by the jury: "It is not solely caused".

 The fifth point of error is grounded upon the failure of the trial judge to submit issues to determine whether or not the collision injury of February 16, 1959, was a producing cause of the workman's disability. Unless the collision injury was the sole producing cause of the workman's disability that was found by the jury to have been incurred as a result of the December 16, 1959, injury, it was immaterial whether or not the collision injury also was a producing cause. Texas Employers' Ins. Ass'n v. Frankum, 148 Tex. 95, 220 S.W.2d 449, 1949; Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026; Op. Adpt., Texas Indemnity and Insurance Company v. Dean, 77 S.W.2d 748, Tex.Civ. App.1934. Special Issue No. 25 fairly submitted the ultimate issue made by the pleading and proof.

The instruction defining "producing cause" as "that cause, which, in a natural and continuous sequence, produces the disability, if any, inquired about and without which the disability, if any would not have

occurred. There may be more than one producing cause of a disability", is in a form that is adequate for this case. See Workmen's Compensation, 45 Tex.Jur. 475, Sec. 82.

Finding no error requiring a reversal of the trial court, the appellant's points of error are overruled and the judgment is affirmed.