**AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,**

**v.**

**James C. SELLS, Appellee.**

**No. 9579.**

Court of Appeals of Texas, Texarkana.

Feb. 17, 1988.

Rehearing Denied April 5, 1988.

Stephen Gibson, Cowles & Thompson, Dallas, for appellant.

Coy Johnson, Sulphur Springs, for appellee.

CORNELIUS, Chief Justice.

Based on a jury verdict, James Sells was awarded workers' compensation benefits for temporary total incapacity resulting from a back injury. Sells was dissatisfied with the judgment and filed a motion for new trial based on allegations of jury misconduct, failure of jurors to accurately respond to voir dire questions, insufficiency of the evidence, and trial errors. After conducting a hearing on the jury misconduct allegations, the district court granted a new trial. The second trial resulted in a jury finding that Sells suffered temporary total incapacity as well as permanent partial incapacity. American Motorists appeals on two points, contending that the district court erred in granting Sells a new trial, and that reversible error was committed at the second trial when Sells' counsel was allowed to state on voir dire that a worker totally and permanently incapacitated is entitled to 401 weeks of compensation.

We find no reversible error and will affirm the judgment.

 If a motion for new trial is timely filed the trial court has plenary power until thirty days after the motion has been overruled to grant a new trial or to modify or reform the judgment. *Mathes v. Kelton,* 569 S.W.2d 876 (Tex.1978); *Turman v. Turman,* 123 Tex. 1, 64 S.W.2d 137 (1933); Tex.R.Civ.P. 329b(e). While the court thus retains control over the judgment its power to change or vacate it is complete, and new trials may be granted in the interest of justice, not for errors of law only. *Equitable Life Assur. Soc. of the United States v. Murdock,* 219 S.W.2d 159 (Tex. Civ.App.—El Paso 1949, writ ref'd n.r.e.). With rare exceptions, then,[1] the action of the trial court in granting a new trial is not reviewable, even in an appeal from the judgment in a second trial. *Boris v. Boris,* 642 S.W.2d 855 (Tex.App.—Fort Worth 1982, no writ); *Burroughs v. Leslie,* 620 S.W.2d 643 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Silva v. Sentinel Life Insurance Company,* 361 S.W.2d 731 (Tex. Civ.App.—El Paso 1962, writ ref'd n.r.e.); *Ebaugh v. State,* 342 S.W.2d 221 (Tex.Civ. App.—Austin 1961, writ ref'd n.r.e.). Greater latitude is allowed in granting new trials than in refusing them, because in the former case the rights of the parties are not finally settled. *Equitable Life Assur. Soc. of the United States v. Murdock,* supra. Sells' motion for new trial was timely, and the court's action was taken before the motion was overruled by operation of law. Tex.R.Civ.P. 329b. The order is not subject to our review.

American Motorists urges us to make an exception in this case. It argues that the district court committed a clear abuse of discretion because it granted a new trial solely on the basis of jury misconduct when the testimony of such misconduct was inadmissible under the provisions of Tex.R. Evid. 606(b),[2] because it did not show an

---

1. *See Johnson v. Court of Civil Appeals,* 162 Tex. 613, 350 S.W.2d 330 (1961).

2. Rule 606(b) provides:
 Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to

any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in

outside influence as required by that rule. We decline to make an exception for two reasons. First, the written order granting the new trial does not specify the reasons for it, and the trial judge's comments at the hearing do not conclusively establish that his sole basis for granting a new trial was jury misconduct. Indeed, those comments specifically referred to one juror's admission that he failed to reveal on voir dire that he had suffered a back injury, and to the fact that the court had the power to grant a new trial "on its own without anything else." Second, we are unwilling in a case of this nature to dilute the trial judge's inherent power to grant new trials in the interest of justice. The rules expressly grant *plenary*, which means absolute, power to the judge. Moreover, the judge's decision in this respect must many times be intuitive and based on subjective factors concerning the fairness of the trial which will be difficult or impossible to articulate. It would be unwise in such circumstances for the appellate court to "second guess" the trial court. As said in *Equitable Life Assur. Soc. of the United States v. Murdock,* supra,

> The trial court having the parties, the witnesses and counsel before it, and the opportunity to observe their demeanor and conduct during the trial and to note all incidents occurring during its progress likely to affect the results of the trial, is better qualified to judge whether a fair trial has been had and substantial justice done than is the appellate court, . . . .

■ At voir dire in the second trial, Sells' counsel was allowed over objection to state to the panel,

> Ladies and Gentlemen of this jury panel, under the laws of our state, someone being totally and permanently disabled is entitled to receive four hundred and one weeks of compensation benefits. I think the evidence in this case will simply boil

down to how long this man is totally incapacitated.

American Motorists contends that this was such an error as to require a new trial.

We conclude that allowing the statement did not constitute reversible error. Sells pleaded that he was entitled to 401 weeks' compensation, and the statement on voir dire was made when Sells' counsel was advising the jury what he expected to prove with respect to Sells' alleged incapacity.

■ While several courts have stated that it is the better practice not to read or state to the jury those portions of the pleadings which might advise them the extent of compensation recoverable, in nearly all of the cases the error, if any, has been held harmless. *Texas Employers Insurance Association v. Loesch,* 538 S.W.2d 435 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.); *Texas Employers' Insurance Association v. Hamilton,* 430 S.W.2d 285 (Tex. Civ.App.—Fort Worth 1968, writ ref'd n.r. e.); *St. Paul Fire & Marine Insurance Co. v. Foster,* 375 S.W.2d 355 (Tex.Civ.App.— El Paso 1964, no writ); *Argonaut Insurance Company v. Titus,* 347 S.W.2d 372 (Tex.Civ.App.—Fort Worth 1961, no writ); *Texas Employers' Insurance Association v. Rubush,* 337 S.W.2d 501 (Tex.Civ.App.— Fort Worth 1960, writ ref'd n.r.e.); *contra, Travelers Insurance Co. v. DeLeon,* 456 S.W.2d 544 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.). Even when the information has been stated during jury argument rather than at voir dire, admittedly a far more serious matter,[3] it has usually been found not reversible error. *St. Paul Fire & Marine Insurance Co. v. Escalera,* 385 S.W.2d 477 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.); *Texas Employers' Insurance Association v. Logsdon,* 278 S.W.2d 893 (Tex.Civ.App.—Amarillo 1954, writ ref'd n.r.e.).

In this case, the statement was at voir dire. The jury did not give Sells total

---

connection therewith, except that a juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about

which he would be precluded from testifying be received for these purposes.

3. *See* 3 R. McDonald, *Texas Civil Practice in District and County Courts* § 11.10.1 (rev.1983).

permanent disability as he sought, and it answered the partial incapacity duration issue not by a number of weeks, but only by the word "permanent." *See St. Paul Fire & Marine Insurance Co. v. Foster,* supra; *Texas Employers' Insurance Association v. Rigsby,* 273 S.W.2d 681 (Tex.Civ. App.—Beaumont 1954, no writ). We are unable to perceive that any harm was done in this instance.

Sells raises a cross-point asking that we assess damages against American Motorists for a frivolous appeal as allowed by Tex.R.App.P. 84. While we have rejected American Motorists' contentions here, we do not find the appeal so unmeritorious as to have been taken for delay only. We consequently decline to apply the sanctions allowed by Rule 84.

The judgment of the trial court is affirmed.