**BURLESON INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Francis C. JOHNSTON, Appellee.**

**No. 6173.**

Court of Civil Appeals of Texas, Waco.

April 3, 1980.

---

Grant Liser, Brown, Herman, Scott, Dean & Miles, Fort Worth, for appellant.

Robert J. Wilson, Robert J. Wilson & Associates, Burleson, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a worker's compensation case in which an employee, Mrs. Francis C. Johnston, suffered injury to her back in the course of her employment as a cook with the Burleson Independent School District, on May 16, 1975, while lifting a mixer full of water weighing more than thirty pounds. Mrs. Johnston's claim for worker's compensation was not filed until March 17, 1978, some thirty-four months after her accident.[1]

Trial was to a jury pertinent findings of which are summarized as follows:

1) Plaintiff received an injury on May 16, 1975.
2) She was injured in the course of her employment.
3) The injury was a producing cause of total incapacity; which commenced on March 13, 1978; and is of permanent duration.
4) Another employee of the same class as plaintiff worked 210 days immediately preceding May 16, 1975 in the same or similar employment in the same or neighboring place.
5) The average daily wage which such employee earned was $21.95.
9) Within six months from the date of such injury plaintiff believed that her injury was trivial.
10) Such belief caused plaintiff to delay filing a claim for compensation with the Industrial Accident Board until such claim was filed.
11) Such belief was good cause for her delay in filing the claim for such period of time.[2]

The trial court rendered judgment on the verdict for plaintiff.

The School District appeals on 8 points which present 3 main contentions.

■ Contention 1 asserts the trial court erred in entering judgment for plaintiff because as a matter of law the evidence failed to show that good cause existed for plaintiff's failure to timely file her claim with the Industrial Accident Board.

Plaintiff went to work for the school district as a cook in the elementary school September 2, 1960. She worked every year from the first of September to the last of May, five days a week and seven hours a day. On Friday May 16, 1975 she lifted a big mixer full of water weighing over thir-

---

1. The statutory deadline for filing is within six *months after the occurence of the injury unless* the employee shows good cause for a delay. Article 8307, Sec. 4a VATS.

2. The court instructed "A person has good cause for delay in filing a claim when she has prosecuted her claim with such diligence as an ordinarily prudent person would have used under the same or similar circumstances".

ty pounds, and hurt her back. She experienced severe pain in her back immediately; she reported the matter to her supervisor; went home after work; stayed in bed Saturday and Sunday; went to Dr. Herberle Monday morning (May 19) and did not work that day; went back to work Tuesday and Wednesday (May 20 and 21); went back to Dr. Herberle on Thursday (May 22); school was out on Friday (May 23). Plaintiff rested during the summer and went back to work at the school September 1, 1975; she still had pains; had been referred by Dr. Herberle to Dr. Wilson, whom she saw first on May 23, 1975; and who treated her until January 26, 1976; and whose medicine she continued to take after that date. Dr. Wilson's records reflect that during the time he was treating her he gave her full release for work; found improvement in her condition; stated she could continue to work wearing a lumbosacral support while at work; but noted that she still had problems. Dr. Wilson put her in a back brace on September 11, 1975, which she wore every day while working until March 10, 1978. On advice of her doctors plaintiff continued to work; they gave her no reason to believe she was not going to be able to continue to work; and never instructed her to quit working. Plaintiff wanted to work; felt like she was going to be able to continue to work; was hoping she could stay on the job and work; she believed her back would get better; she was led to believe it would get better; her back continued to bother her but she continued to work; her condition gradually grew worse; she went to see Dr. Davis on March 6, 1978; and her condition finally progressed to where she could not further work on March 10, 1978; she employed counsel on March 13, 1978; and filed her claim for compensation on March 17, 1978.

On the foregoing plaintiff sought to bring herself under the rule announced in *Texas Employers' Ins. Assn. v. Clark*, Tex. Civ.App. (Eastland) Er. Dism'd 23 S.W.2d 405; *Texas Employers' Ins. Assn. v. Roberts*, 135 Tex. 123, 139 S.W.2d 80; and *Harkey v. Texas Employers' Ins. Assn.*, 146 Tex. 504, 208 S.W.2d 919. Such cases hold that a good faith belief that injuries are not serious, but are trivial, will constitute good cause for delaying the filing of claim for compensation, and the fact that almost constant pain exists does not affect the issue. Such cases further hold that delay may not be excused unless the belief that the injury or condition was not serious would have been entertained by a reasonably prudent person in the same or similar circumstances; and that while ordinarily the question is one for the trier of fact to determine, a mere statement by an injured person that he did not regard his injuries as serious will not raise a fact issue where the facts themselves put the matter beyond the pale of reason or beyond belief by a prudent person. *Texas Employers' Ins. Assn. v. Portley*, 153 Tex. 62, 263 S.W.2d 247.

Appellant's point and contention is a no evidence point. We think that the jury was authorized to believe and find from the record that plaintiff as a reasonably prudent person believed her injury was trivial, and that such belief caused her to delay filing her claim until such was filed, and that such belief was good cause for her delay in filing.

Contention 1 is overruled.

■ Contention 2 asserts the trial court erred in failing to grant defendant's motion for mistrial because plaintiff's attorney committed reversible error in final argument by informing the jury of the legal effect of their answers to Issues 9, 10, and 11.

Plaintiff's attorney stated in closing argument:

"Now the crux of this whole lawsuit has boiled down, as far as I can tell to Issues 9, 10, and 11. This is where we get into the area about 'did she file her claim too late?' The law in Texas says if you are going to protect your rights under the Workmen's Compensation Act you've got to do it within six months after the date of injury or show good cause why you didn't or you just lose all your rights across the board".

Defendant's counsel objected to such argument on the ground that it was an attempt to tell the jury the effect of their answers. The trial court sustained the objection and further instructed the jury to disregard such argument. Counsel for defendant then moved for a mistrial which was denied by the trial court.

While the argument was improper, the trial court's sustaining of objection to the argument and the instruction to disregard same rendered the matter harmless. We further think that from the record as a whole the matter was harmless. Rule 434 TRCP.

Contention 3 asserts there is no evidence and/or insufficient evidence to support the jury's answers to Issues 4 and 5, and that same are against the great weight and preponderance of the evidence.

In this case plaintiff worked only 182 days in the year prior to her injury, because school only runs for 9 months. Thus, plaintiff had to prove that another employee of the same class as plaintiff in the community worked for 210 days and what such employee's average daily wage was.

Plaintiff proved that an average cook in the community was making $2.65 per hour; that plaintiff was actually paid $2.47 per hour on a 182 day work year, plus a meal each day worth .75. Such proof was made by testimony based on a general investigation which is proper. The evidence is ample to support the findings and such findings are not against the great weight and preponderance of the evidence. *American General Ins. Co. v. Hightower*, Tex.Civ.App. (Eastland) NRE, 279 S.W.2d 397; *Travelers Ins. Co. v. Helstrom*, Tex.Civ.App. (Waco) NWH, 351 S.W.2d 321; *Texas Employers' Ins. Co. v. Locke*, Tex.Civ.App. (Fort Worth) NRE, 224 S.W.2d 755.

Contention 3 is overruled.

AFFIRMED.