Michael **REINAGEL** and Doris Reinagel, Plaintiffs-Appellants,

v.

**EDWIN COOPER, INC.,**
Defendant-Respondent.

No. 48943.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1985.

Theodore H. Hoffman, St. Louis, for plaintiffs-appellants.

Robert L. Nussbaumer, St. Louis, for defendant-respondent.

KELLY, Judge.

This is an appeal from an order of the Circuit Court of the City of St. Louis sustaining defendant Edwin Cooper, Inc.'s motion to dismiss plaintiff's two count petition for lack of subject matter jurisdiction. For reasons hereinafter stated we affirm.

Michael Reinagel, appellant, (hereinafter "Reinagel") was employed by Columbia Insulation, Inc., as an insulator on November 6, 1980, and commenced his duties at the plant of Edwin Cooper, Inc., (hereinafter "Cooper") at its Sauget, Illinois plant. Cooper is engaged in the business of manufacturing gasoline additives from petroleum products. Reinagel's job concerned insulation of pipes in the plant. On the date aforesaid Reinagel was injured when some hydrogen sulfide gas escaped into a storage shed on the plant premises when he was working and caused him to sustain injuries.

Reinagel and his wife, Doris, instituted a two Count action seeking damages for his injuries in Count I, and damages for her loss of consortium in Count II of the petition. Cooper filed a motion for summary judgment together with supporting affidavits on or about the 22nd day of September, 1983. Thereafter, on or about the 29th day of November, 1983, Cooper filed a motion to dismiss plaintiffs' First Amended Petition for lack of subject matter jurisdiction to which was attached a deposition and the affidavits attached to the previously filed motion for summary judgment. On June 15, 1984, the trial court entered its order sustaining Cooper's motion to dismiss both counts of plaintiffs' First Amended Petition without prejudice because it concluded that Mr. Reinagel was a "loaned employee" of Cooper.

The sole Point on appeal is whether the trial court erred in finding that Reinagel was a "loaned employee" of Cooper.

A motion to dismiss for lack of subject matter jurisdiction is primarily the proper method for raising the exclusivity of the Worker's Compensation Law. *Zahn v. Associated Dry Goods, Corp.*, 655 S.W.2d 769, 772[3] (Mo.App.1983); *Parmer v. Bean*, 636 S.W.2d 691, 695 (Mo.App.1982). A court should grant a motion to dismiss for lack of subject matter jurisdiction whenever it "appears" that the court lacks such jurisdiction. Rule 55.27(g)(3). "As the term 'appears' suggests, the quantum of proof is not high. It must appear by the preponderance of the evidence that the court is without jurisdiction. * * * The burden of proof is lower since the dismissal is without prejudice and because any other actions taken by a court without subject matter jurisdiction are null and void." *Zahn,* supra, l.c. 772.

The question of the applicability of the Worker's Compensation Law is usually a factual one. *Roberts v. Epicure Foods, Co.*, 330 S.W.2d 837, 840 (Mo.1960), and therefore it is left to the sound discretion of the trial court. The movant will not be required to show by unassailable proof that there is no material issue of fact because the trial court decides only the preliminary question of its own jurisdiction, which is not a decision on the merits and is without res judicata effect. *Zahn,* supra, l.c. 772.

The trial court had before it the plaintiffs' First Amended Petition, the affidavits of plaintiff Michael Reinagel, James Zoeller, Cooper's Construction Superintendent on the date of the occurrence, Chester Kopec, Construction Clerk of Cooper, and Guido Serafini, president and owner of Columbia Insulation, Inc., the deposition of plaintiff Michael Reinagel, Frank Trenholm, the foreman for Columbia Insulation, Inc. on the site, and Cooper's motion to dismiss for lack of subject matter jurisdiction.

■ The alleged occurrence took place in Illinois and so far as we can ascertain from the record on appeal Illinois is clearly the state with the most significant relationship to the occurrence and the parties. We shall therefore apply the substantive law of Illinois in reaching our decision. S.H.A. Ch. 48.

■ The primary test for establishing a loaned-employee relationship is the right to control the manner in which the work is to be done. *Raymond Concrete Pile Co., v. Industrial Comm.*, 37 Ill.2d 512, 229 N.E.2d 673, 675[3] (1967). Since this is a factual question it is to be left to the sound discretion of the trial judge, and after review of the record on appeal we find the evidence submitted by Cooper in support of its motion is substantial and the trial court did not abuse its discretion in granting Cooper's motion to dismiss for lack of subject matter jurisdiction.

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.