**TRANSAMERICA INSURANCE COMPANY OF TEXAS, Appellant,**

v.

**Deborah D. GREEN, Appellee.**

**No. 13–89–442–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Sept. 27, 1990.

Rick Fancher, Thornton, Summers, Biechlin, Corpus Christi, John Milano, Jr. and Aimee L. Kolze, Thornton, Summers, Biechlin, San Antonio, for appellant.

Anthony Constant, Russell McMains and Kimberly Hall Seger, McMains & Constant, Corpus Christi, for appellee.

Before KENNEDY, SEERDEN and KEYS, JJ.

## OPINION

KENNEDY, Justice.

Appeal is taken from a jury trial of a workers' compensation case. Appellee Deborah Green filed suit alleging that on July 16, 1986, she slipped and fell while in the course of her employment with Dairy Queen in San Patricio County, Texas. The jury answered in Green's favor, and the trial court entered its judgment calculated upon an average daily wage of $104.16. Appellant Transamerica Insurance Company asserts five points of error. We reverse and remand.

By its first and second points of error, Transamerica contends that the trial court submitted two erroneous jury questions concerning Green's wage rate. We agree. Before specifically discussing Transamerica's complaint, we set forth a few general rules about recovery under the Workers' Compensation Act ("Act").

An employee injured in the course and scope of employment has no cause of action against a subscribing employer but instead is solely entitled to compensation as provided under the Act. *See* Tex.Rev.Civ. Stat.Ann. art. 8306 §§ 3, 3b (Vernon 1967 & Supp.1990). The compensation award for an injury is based upon the employee's average weekly wage. *See* Tex.Rev.Civ. Stat.Ann. art. 8306 §§ 6, 10, 11 (Vernon 1967 & Supp.1990). Under article 8309 § 1, the employee must establish average weekly wage by one of the following methods: (1) if the employee has worked at least 210 days in the year immediately preceding the injury, the employee's *actual wages* are used to calculate average weekly wage; (2) if the employee has not worked at least 210 days, the average weekly wage is calculated by using:

> the average daily wage or salary which an employee of the same class, working at least two hundred ten (210) days of such immediately preceding year, in the same or in a similar employment, in the same or a neighboring place, shall have earned during the days that he actually worked in such year. . . .

(3) if neither (1) nor (2) can be applied to the employee's case, the employee's average weekly wage is computed in a manner which is "just and fair" to both parties. Tex.Rev.Civ.Stat.Ann. art. 8309 § 1(1)–(3) (Vernon 1967).

Green was a high school student with no prior experience when she began working part-time at Dairy Queen. She worked for approximately twenty days before her injury. Because she clearly did not meet the 210–day requirement of article 8309 § 1(1), the parties stipulated that her average weekly wage would necessarily be determined by applying article 8309 § 1(2).

It is the employee's burden to establish average weekly wage under article 8309 § 1(2). *See Texas Employers' Ins. Ass'n v. Shannon*, 462 S.W.2d 559, 563 (Tex.1970). Therefore, Green had the burden to put on evidence of the average daily wage of an employee of her same class, in the same or similar employment, in the same or neighboring place, who had worked at least 210 days in the year preceding Green's injury, i.e., July 16, 1985 through July 16, 1986.

Green presented the testimony of Tony Legnor, head cook at the Key Allegro Yacht Club in Rockport, Aransas County, Texas. Legnor testified that, during the relevant year, he worked over 210 days and earned an average daily wage of $104.16. He also testified that he had seventeen years experience as a cook; had worked at the Yacht Club for eight years; had never

worked as an entry-level cook at the Club, and was responsible for ordering the Club's food and hiring and firing cooks.

In rebuttal, Transamerica presented the testimony of Phyllis Paige, owner of the Dairy Queen. While referring to her business records, Paige testified that she had two Dairy Queen employees who met the 210-day requirement and were in the same or similar employment as Green. She testified that their average daily wage for the year preceding Green's injury was $37.00 for one and $29.92 for the other.

■ On the wage rate issue, the trial court submitted the following questions to the jury:

### Question No. 2

Did another employee work as a cook in a neighboring county for at least 210 days in the year immediately preceding the injury in question? (Answer "Yes" or "No") [Answer: Yes]

If you answered question No. 2 "Yes", then answer question No. 2A.; otherwise do not answer Question No. 2A.

### Question No. 2A

Did such employee earn an average daily wage of $104.16 during the days that he actually worked in such year? (Answer "Yes" or "No") [Answer: Yes]

During trial, Transamerica objected to the submission of both questions on the grounds that (1) they assumed that Legnor, the Yacht Club cook, was a "same or similar employee of the same class as [Green]" and (2) they improperly commented on the weight of the evidence. Likewise, by points of error one and two, Transamerica argues that questions 2 and 2A (1) removed a disputed fact issue from the jury's consideration, (2) constituted a comment on the weight of the evidence, and (3) were not "controlling issue[s] in the case and an affirmative response did not entitle plaintiff to the relief granted." Transamerica's third argument was not preserved at the trial level, as there was no objection whatsoever asserting this ground. *See* Tex.R. Civ.P. 274. We do find, however, that Transamerica's first and second arguments were properly preserved for review.

### Assumption of a Disputed Fact Issue

■ It is error for a trial court to submit an issue worded so as to assume a disputed issue of fact. *Hutson v. Chambless*, 300 S.W.2d 943, 946 (Tex.1957); *Cactus Drilling Corp. v. Williams*, 525 S.W.2d 902, 912 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.) (on rehearing). The burden is on the employee to prove affirmatively that the proffered 210-day worker performed the same or similar work as the injured employee. *Powell v. City Ins. Co.*, 713 S.W.2d 793, 795 (Tex.App.—Eastland 1986, writ ref'd n.r.e.). It is rudimentary that the "same or similar work" issue is a fact question for the jury. *See* 2 State Bar of Texas, Texas Pattern Jury Charges, PJC 21.01 (1989).

■ In the present case, jury question 2 merely required the jury to find that Legnor was a cook because he was the *only* worker from a neighboring county. Likewise, question 2A simply had the jury confirm that Legnor had earned $104.16 a day. The trial court did not allow the jury to determine the critical question of whether Legnor was in the same or similar employment as Green. Thus, the jury questions assume a disputed fact.

■ Because submission of these questions could only have been proper if Green had previously established the issue of "same or similar employment" *as a matter of law*, Green argues that no dispute exists. In her brief, Green places great emphasis upon Transamerica's answer to an interrogatory in which it classified Green as a "cook," as if to suggest that, from that point forward, the issue was established as a matter of law, precluding Transamerica from rebutting Legnor's testimony. We disagree. Even if we viewed the interrogatory answer as conclusively classifying Green as a "cook," that term encompasses more than one type of employment. Indeed, under a liberal interpretation, Julia Childs is a "cook." While Transamerica may have conceded that Green is a "cook," it is patently untenable that it has also

conceded that Legnor is in the same or similar employment as Green. Because the trial court precluded the jury from making a fact finding on an issue necessary to Green's recovery and Transamerica properly objected, the judgment is not supported by the verdict.

### Comment on the Weight of the Evidence

■ An impermissible comment on the weight of the evidence occurs when, after examining the entire charge, it is determined that the judge assumed the truth of a material controverted fact, or exaggerated, minimized, or withdrew some pertinent evidence from the jury's consideration so as to probably cause the rendition of an improper judgment. *See Alvarez v. Missouri–Kansas–Texas R.R. Co.*, 683 S.W.2d 375, 377–78 (Tex.1984); *cf.* Tex.R.Civ.P. 277 (an incidental comment is not objectionable). The parties offered profoundly divergent wage rate evidence of 210–day employees: the $37.00 and $29.97 Dairy Queen workers and the $104.16 Yacht Club worker. The jury questions submitted did not allow the jury to consider the evidence of the wage rate of the Dairy Queen employees.

Green cites *Holliman v. Leander Indep. School Dist.*, 679 S.W.2d 92 (Tex.App.—Austin 1984, writ ref'd n.r.e.) in support of her contention that once an injured employee offers evidence of a 210–day employee, the wage rate is established as a matter of law, and the employee's burden under the statute is discharged. In *Holliman,* the court overturned a jury's failure to find that the employee's proffered 210–day employee was engaged in the "same or similar" employment. Notably, however, the court stated:

The testimony in this record establishes that [the injured employee] was essentially doing the same manner of work as

[the 210–day employee], and *since there were no other witnesses or testimony to refute this evidence,* we hold that the 'same or similar' requirement was met by appellant.

*Holliman,* 679 S.W.2d at 94 (emphasis added). The court further stated:

[O]ur courts have held that in such cases as this, where there is no real effort made by the insurance carrier to disprove such facts as were established in the manner as was attempted in this case, a small amount of evidence was sufficient to discharge the burden cast upon the employee.

*Id.* at 95 (quoting *American Gen. Ins. Co. v. Hightower,* 279 S.W.2d 397, 400 (Tex.Civ. App.—Eastland 1955, writ ref'd n.r.e.)).

■ We conclude that Transamerica was entitled to rebut Green's evidence of wage rate by offering testimony regarding the wage rate of an employee of the same class, "cook," *in the same or similar employment* as Green. In fact, we need only turn to Green's appellate brief to summarize our holding: "Although only one such employee of the same class is required to be produced under the statute, when more than one is offered, it is a question for the jury." After examining the entire charge, we are persuaded that the trial court's failure to allow the jury to consider any evidence of the Dairy Queen workers' wage rates probably caused the rendition of an improper judgment.[1] *See* Tex.R.App.P. 81(b)(1).

Transamerica's first and second points are sustained. We decline to address its remaining points of error. *See* Tex.R. App.P. 90(a). The trial court's judgment is REVERSED, and this cause is REMANDED for a new trial.

1. We acknowledge, incidentally, that during deliberations, the jury sent the following note to the trial judge:

    Does question #2 solely apply to the cook at the Key Allegro Yacht Club which was the testimony given?

    To which the court responded, "Yes." Curiously, Green asserts that by failing to object to the

court's answer, Transamerica has invited the court's comment on the weight of the evidence. We find no authority or support for such a proposition. Furthermore, we fail to see any need for Transamerica to object at this point since the defective charge had already been submitted to the jury. *See* Tex.R.Civ.P. 272.