Debra Sue **NEWMAN**, Appellant,

v.

**UTICA NATIONAL INSURANCE COMPANY OF TEXAS,**
Appellee.

No. 01–92–01095–CV.

Court of Appeals of Texas,
Houston (1st Dist.), 1993.

Oct. 14, 1993.

Rehearing Denied Jan. 6, 1994.

Arnold and Rusciano, P.C., Charles D. Rusciano, Houston, for appellant.

Mark T. Price, Neel, Seymore, Price & Livingston, Houston, for appellee.

Before OLIVER–PARROT, COHEN and MIRABAL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, Debra Sue Newman, appeals from an instructed verdict granted in favor of appellee, Utica National Insurance Company of Texas (Utica) on her workers' compensation case. We affirm.

Newman brought a workers' compensation suit for injuries received on September 29, 1988, while lifting a box from underneath a table during the course of her duties as an employee for Sir Speedy Printing (Sir Speedy). Sir Speedy carried a valid policy of workers' compensation insurance through Utica. An award by the Industrial Accident Board of Texas,[1] was issued in favor of Newman, from which Utica appealed. The parties were realigned by the trial court in accordance with the required burden of proof, whereby Newman became plaintiff and Utica became defendant.

The case was tried to a jury. Upon Newman resting her case-in-chief, Utica moved for an instructed verdict on the grounds of failure to establish an average weekly wage in accordance with the provisions of former TEX.REV.CIV.STAT.ANN. art. 8309 § 1(1–3)

---

1. Now the Texas Workers' Compensation Commission.

(Vernon Pamph.1993).[2] The instructed verdict was granted and a take-nothing judgment was entered.

Newman raises three points of error on appeal, asserting the trial court erred in ruling that there was: (1) no evidence that no employee, in a same or similar class as she working 210 days in a same or similar place, exists; (2) no showing of Newman's just and fair average weekly wage; and (3) no basis for sustaining an objection by Utica to Newman testifying regarding what would be a just and fair weekly wage rate for her.

Under the workers' compensation law, the employee must establish average weekly wage by one of the following steps: (1) if the employee has worked at least 210 days in the year immediately preceding the injury, the employee's actual wages are used to calculate the average weekly wage; (2) if the employee has not worked at least 210 days, the average weekly wage is calculated by using: *the average daily wage or salary which an employee of the same class, working at least two hundred ten (210) days of such immediately preceding year, in the same or in a similar employment, in the same or a neighboring place, shall have earned during the days that he actually worked in such year;* (3) if neither (1) nor (2) can be applied to the employee's case, the employee's average weekly wage is computed in a manner that is just and fair to both parties. TEX.REV.CIV.STAT. ANN. art. 8309, § 1(1)–(3).

■ It is the burden of the employee to establish average weekly wages under the workers' compensation law. *See Texas Employers' Ins. Ass'n v. Shannon,* 462 S.W.2d 559, 563 (Tex.1970); *TransAmerica Ins. Co. v. Green,* 797 S.W.2d 171, 173 (Tex.App.—Corpus Christi 1990, no writ).

In her first point of error, Newman contends the trial court erred in ruling that there was no evidence that *no employee,* in the same or similar class as Newman working in a same or similar place, exists.

The critical issue that underlies this point, is one of interpreting the evidence necessary to satisfy the prerequisite of the second prong of the former workers' compensation law, allowing a plaintiff to proceed to the just and fair prong to determine weekly wages. This requires us to do an evaluation of the Texas Rules of Civil Procedure 169 (request for admissions).

Newman testified that she normally worked 40 hours per week at $5.00 per hour, and worked overtime periodically at Sir Speedy Printing. Newman further testified that she did not work a total of 210 days prior to the accident. Newman was not allowed to testify to the just and fair determination of her average weekly wage. Upon Newman resting her case-in-chief, Utica moved for an instructed verdict on the grounds of failure to establish an average weekly wage in accordance with the workers' compensation law. The instructed verdict was granted, and judgment was rendered that Newman take nothing from Utica.

It is clear that Newman negated the first method for determining weekly wages; however, the critical question of whether Newman negated the second of the three methods of proving a weekly wage rate under the former workers' compensation law, before moving on to the third method.

The Texas Supreme Court, as well as this Court, has declared the workers' compensation law should be liberally construed, with only slight proof of the applicable wage rate necessary, where there is no real controversy on the issue. *Navarette v. Temple I.S.D.,* 706 S.W.2d 308, 309–10 (Tex.1986); *Gulf Ins. Co. v. Johnson,* 616 S.W.2d 320, 322 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ dism'd).

Newman argues that she did not have to offer any evidence on the second prong of the wage rate issue because there were answers from Utica in the form of admissions that precluded the need to put on evidence on that issue.

■ The general rule is that request for admission and answers are considered part of the record if they are filed with the clerk of the court. *Rent America, Inc. v. Amarillo Nat'l Bank,* 785 S.W.2d 190, 194 (Tex.App.—Amarillo 1990, writ denied). Included in the

---

2. The injuries here occurred before the January 1, 1991 effective date of the new workers' compensation law. *Repealed by* Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(15), (18).

record on appeal are the requests for admissions Newman served on Utica, the most pertinent one of which follows:

> REQUEST FOR ADMISSION NO. 21: That there was one or more employees of [Newman's] employer herein of the same or similar employment class as [Newman] who worked at least 210 days during the year immediately preceding the date of [Newman's] injury on or about the 29th day of September, 1988[,] and who did such work in Houston, Harris County, Texas, or in a neighboring community.

To this inquiry Utica responded, "Denied." Newman cites this court to *Texas Employer's Insurance Association v. Miller*, 596 S.W.2d 621, 625 (Tex.Civ.App.—Waco 1980, no writ), where the Waco Court of Appeals discussed a request for admission, similar to number 21, which was denied by the defendant, while detailing evidence of the second wage rate prong allowing the plaintiff to proceed to the just and fair wage rate prong. However, the Waco Court of Appeals specifically wrote that "moreover, the evidence is undisputed" that the employee "did not work as much as 210 days during the year immediately preceding the injury, or that there was any employee of the same class who worked." *Miller*, 596 S.W.2d at 625. The *Miller* court found some evidence of other employees of the same class upon which to base its opinion.[3] In the present case, however, the record is absolutely silent as to any other employees of the same class. There is no stipulation, no testimony, and no documentary evidence with even the slightest mention of the them. Although we agree that this type of issue must be viewed liberally, we cannot find some evidence where there is none.

■ We determine that when an answering party denies or refuses to make an admission of fact, such refusal is nothing more than a refusal to admit a fact. It is not evidence of any fact except the fact of refusal. *See American Communications Telecommunications, Inc. v. Commerce North Bank*, 691 S.W.2d 44, 48 (Tex.App.—San An-

tonio 1985, writ ref'd n.r.e.); *Carbonit Houston, Inc. v. Exchange Bank*, 628 S.W.2d 826, 829 (Tex.App.—Houston [14th Dist.] 1982, no writ). Thus, Utica's answer of "denied" to request for admission number 21 is not legal and competent evidence to satisfy the second wage rate prong. Even *if* we treat Utica's response as an admission, it would not help Newman. The "second prong" under article 8309, § 1 does not limit the relevant inquiry to employees of the *injured worker's employer*. Rather, the scope extends to employees of the same class, in the same or similar employment, in the same neighboring place, employed by the injured employee's employer or *any other employer*. *Burleson Indep. Sch. Dist. v. Johnston*, 598 S.W.2d 35, 38 (Tex.Civ.App.—Waco 1980, no writ). Newman presented no evidence with regard to the existence or nonexistence, of the relevant type of employee employed by someone *other than* Newman's employer. She failed to meet her burden of proof.

We overrule Newman's first point of error.

Because of our disposition in the first point of error we decline to review the second and third points of error.

We affirm the trial court's judgment.

---

3. It should be noted that the Beaumont Court of Appeals followed the analysis of *Miller* in *Standard Fire Insurance Co. v. Morgan*, 718 S.W.2d 880, 881 (Tex.App.—Beaumont 1986), *rev'd on other grounds*, 745 S.W.2d 310 (Tex.1987). Upon review of the Beaumont court's opinion by the Texas Supreme court's opinion, there is a significant factual difference from this case. The supreme court points out in *Morgan* that the defendant failed to timely serve the answers on the plaintiff; thus the answers were deemed admitted under Tex.R.Civ.P. 169(1).