**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed May 4, 2023.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-22-00370-CV

---

### IN RE TANGSHAN CHENYANG SPORTS EQUIPMENT CO. LTD.,
**Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-50841**

---

## MEMORANDUM OPINION

On May 26, 2022, relator Tangshan ChenYang Sports Equipment Co. Ltd. ("ChenYang") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, ChenYang asks this

court to compel the Honorable Tamika Craft-Demming, presiding judge of the 189th District Court of Harris County, to vacate her February 7, 2023 order granting real party in interest Karl Van Davis's motion to compel jurisdictional discovery.[1]  We conditionally grant the petition.

## BACKGROUND

Van Davis was employed by Intergulf Corporation as a truck driver.  On June 28, 2019, while Van Davis's truck was being unloaded at KM Liquids Terminals LLC, Van Davis went to the waiting room.  As Van Davis was sitting down in a chair, the chair's legs collapsed, and Van Davis fell to the ground.  Van Davis alleges severe injuries to his back, knee, ankle, and body in general.

Van Davis sued KM, which, in turn, filed a third-party petition against ChenYang, Belnick, LLC d/b/a Flash Furniture Corporation, and Staples, Inc. ChenYang manufactured the chair.  Belnick purchased the chair from ChenYang and sold it to Staples.  KM subsequently purchased the chair online from Staples. Van Davis then sued ChenYang, Beknick, and Staples for negligence and strict product liability.

On August 13 2021, ChenYang filed a special appearance, requesting that the trial court dismiss all claims against it for lack of personal jurisdiction.  In support

---

[1] Originally, relator requested mandamus relief from respondent the Honorable Scott Dollinger's May 2, 2022 order granting Van Davis's motion to compel.  Because Judge Dollinger ceased to hold office after December 31, 2022, this court abated the proceeding to permit Judge Dollinger's successor, the Honorable Tamika Craft-Demming, to consider the decision regarding Chenyang's request for relief.

2

of its special appearance, ChenYang attached the declaration of Yvan Yu, the executive sales manager for ChenYang. Yu declared the following:

3. Tangshan ChenYang is organized and exists under the laws of the country of China.

4. Tangshan ChenYang's principal place of business and headquarters is located in Tangshan, Hebei, China.

5. Tangshan ChenYang does not have any offices in the State of Texas or the United States of America.

6. Tangshan ChenYang does not provide any services or produce or sell any products in the State of Texas or the United States of America.

7. Tangshan ChenYang does not have any employees, or officers or directors in the State of Texas or the United States of America.

8. Tangshan ChenYang does not own, lease, or rent real property in the State of Texas or the United States of America.

9. Tangshan ChenYang does not maintain business records in the State of Texas or the United States of America.

10. Tangshan ChenYang does not maintain a mailing address or a telephone or fax number in the State of Texas or the United States of America.

11. Tangshan ChenYang does not maintain a physical address in the State of Texas or the United States of America.

12. Tangshan ChenYang does not maintain a bank account in the State of Texas or the United States of America.

13. Tangshan ChenYang does not have any assets in the State of Texas or the United States of America.

14. Tangshan ChenYang is not registered or licensed to do business in the State of Texas or any other state in the United States of America.

15. None of Tangshan ChenYang's employees, officers, or directors have traveled to the State of Texas for work purposes or within the scope of their business responsibility for Tangshan ChenYang.

16. Tangshan ChenYang does not specifically advertise or market products or services in the State of Texas.

17. Tangshan ChenYang has never applied for, guaranteed, or cosigned for a loan in the State of Texas or the United States of America.

18. Tangshan ChenYang does not directly produce, manufacture, design, or sell any products in the United States, and thus has never itself produced, manufactured, designed, or sold any products in the State of Texas.

19. The product at issue (Item no. BD-F002-BK-GG) in the above-captioned lawsuit was manufactured in Tangshan, China.

20. The contract between Tangshan ChenYang and Belnick, LLC concerning the sale of the product at issue in the above-captioned lawsuit was not negotiated in the State of Texas (the "Contract"). A true and correct copy of the Contract, with ChenYang's Industrial and Commercial Bank of China Account No. and SWIFT Code redacted, is attached hereto as Exhibit A.

21. The product at issue in the above-captioned lawsuit was delivered to Belnick, LLC FOB Tianjin, China pursuant to the Contract.

22. Tangshan ChenYang did not ship the product at issue in the above-captioned lawsuit outside of China. The product was received by a forwarder in Tianjin who then shipped the product at Belnick, LLC's direction.

23. Under the Contract, Tangshan ChenYang is paid in Chinese Yuan Renminbi (CNY), and payment is made to Tangshan ChenYang's account with the Tianjin branch of the Industrial and Commercial Bank of China.

On August 17, 2021, Van Davis advised ChenYang that he wanted to take the deposition of its corporate representative. After receiving no response from ChenYang, Van Davis sent another request on August 26, 2021. ChenYang responded the next day that (1) requests for depositions of Chinese citizens must be accomplished through the Chinese Central Authority under the Hague Evidence Convention; and (2) many of the topics identified by Van Davis had been addressed in Yu's declaration, thereby rendering the deposition unnecessary.

On August 30, 2021, Van Davis filed a motion to compel the deposition of ChenYang's corporate representative and motion for continuance. On September 9, 2021, Chen Yang responded that Van Davis had never served a notice of oral deposition with a list of topics or location on ChenYang. ChenYang further argued that Van Davis had not shown that he is entitled to jurisdictional discovery or identified any information relevant to jurisdiction or any deficiencies in Yu's declaration. On September 23, 2021, the trial court signed the order denying Van Davis's motion to compel the deposition of ChenYang's corporate representative and motion for continuance.

In the meantime, on August 23, 2021, Van Davis served 137 discovery requests comprised of 99 requests for admission, 28 requests for production, and 10 interrogatories on ChenYang. On September 22, 2021, ChenYang responded to the discovery requests and objected that each discovery request sought information outside the scope of jurisdictional discovery.

On November 29, 2021, Van Davis responded to ChenYang's August 13, 2021 special appearance, arguing the trial court has general jurisdiction over ChenYang because of its continuous and systematic contacts with Texas, which include the following:

    i.      [ChenYang's] business covers the United States from which they welcome business negotiations;

    ii.      [ChenYang's] business partners include major US companies that do business in Texas;

    iii.      [ChenYang's] annual production of folding chairs is 1,700,000 units, with the highest ever being 2,800,000 units; and

    iv.      [ChenYang's] total annual revenue is above US $100 million, with 60% of that coming from North America.

With respect to specific jurisdiction, Van Davis asserted that ChenYang's contacts with Texas are substantially connected to the alleged operative facts of this case because:

    i.      [ChenYang] has requested that it appear in this case; [and]

    ii.      [the] incident made the basis of this suit occurred in Texas.

Van Davis also requested that the special appearance hearing be continued in order to conduct jurisdictional discovery. Van Davis complained that ChenYang had objected to all of his written discovery.

On December 6, 2021, the trial court held a hearing on ChenYang's special appearance. Van Davis asked the trial court to reconsider its ruling on the deposition of ChenYang's corporate representative. The trial court granted Van Davis's motion to continue the special appearance hearing and reversed its prior ruling on the

deposition of ChenYang corporate representative and, instead, ordered that Van Davis could take the deposition on the issue of personal jurisdiction.

On February 4, 2022, ChenYang filed its motion for reconsideration and clarification. ChenYang argued that Van Davis's request to reconsider the September 23, 2021 ruling was procedurally improper because he did not (1) separately brief the request for reconsideration but raised the issue in an amended reply; (2) properly notice a hearing or provide ChenYang the opportunity to respond; and (3) he did not meet the standard for conducting jurisdictional discovery. Alternatively, ChenYang requested that the court ensure Van Davis's compliance with Texas rules and observance of the process mandated under the Hague Convention. On March 29, 2022, the trial court signed an order clarifying its prior December 6, 2021 order granting Van Davis's motion to compel the deposition of ChenYang's corporate representative by instructing Van Davis to comply with the Hague Convention.[2]

On April 19, 2022, Van Davis filed a motion to compel ChenYang's responses to the written discovery. Van Davis complained that ChenYang was attempting to limit discovery by refusing to supplement or answer his discovery requests regarding his "claims" and/or ChenYang's "defenses[.]"

---

[2] In the March 29, 2022 order, the trial court stated that, in taking the deposition of ChenYang's corporate representative, Van Davis "must comply with applicable treaties and Hague Convention procedures and rules." The trial court further explained that it "never intended to override State Department rules, treaties, Hague Convention procedures and rules or other laws which may govern the legal relationship between the United States and China" and "[t]he deposition may take place remotely with the witness being physically located in China or other agreeable location as allowed by law."

On April 28, 2022, ChenYang responded to Van Davis's motion to compel responses to the written discovery by pointing out that Van Davis's motion did not address the standard for discovery on personal jurisdiction. On May 2, 2022, the trial court signed the order granting the motion to compel responses to the written discovery.[3]

ChenYang originally brought this mandamus proceeding challenging the May 2, 2022 order compelling responses to Van Davis's written discovery. Judge Dollinger, the former presiding judge of the 189th District Court, signed the May 2, 2022 order. We abated this proceeding to allow, Judge Dollinger's successor, Judge Craft-Demming, to consider ChenYang's request for relief. On February 7, 2023, Judge Craft Demming signed an order granting Van Davis's motion to compel. Therefore, the order at issue in this proceeding is the February 7, 2023 order.

## STANDARD OF REVIEW

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so

---

[3] The trial court also stated in the order:

As the court has stated many times before, the court is not intending to override State Department rules, treaties, Hague Convention procedures, rules or other laws which may govern the legal relationship between the United States and China.

Plaintiff must comply with applicable treaties and Hague Convention procedures and rules.

arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

In determining whether there is an adequate remedy by appeal, courts "must consider whether mandamus will preserve important substantive and procedural rights from impairment or loss." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error on appeal. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam); *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding).

## ABUSE OF DISCRETION

A court must have personal jurisdiction over a party to issue a binding judgment. *Luciano v. SprayFoam Polymers.com, LLC*, 625 S.W.3d 1, 7–8 (Tex. 2021). Rule 120a(3) allows discovery by a party prior to a ruling on a special appearance only with respect to facts "essential to justify his opposition" to the special appearance. Tex. R. Civ. P. 120a(3). The trial court may permit a continuance so that the opposing party may obtain the necessary jurisdictional discovery. *Id.* However, Rule 120a(3) does not authorize postponement of a special appearance hearing to allow a party to obtain discovery prior to the court's ruling on the special appearance that is unnecessary or irrelevant to the establishment of jurisdictional facts. *See In re Stern*, 321 S.W.3d 828, 839–40 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding).

## I.      Van Davis's Motion to Compel

In the jurisdictional context, it is not enough that the discovery "is reasonably calculated to lead to the discovery of admissible evidence." *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 676 (Tex. 2022) (orig. proceeding) (quoting Tex. R. Civ. P. 192.3(a)). [J]urisdictional discovery may overlap with merits issues in certain circumstances." *Id.* at 677.

"[I]nformation sought in jurisdictional discovery must be essential to prove at least one disputed factor that is necessary to the plaintiff's proposed theory or theories of personal jurisdiction." *Id.* at 678. "Discovery is not available at the special appearance stage on any factor that is undisputed, as it is not essential to the plaintiff's opposition." *Id.* Moreover, "[g]eneral principles that limit the scope of discovery also apply equally to jurisdictional discovery." *Id.*

Van Davis's three-page motion to compel discovery responses states, in relevant part:

### I.  BACKGROUND

Plaintiff was employed with Intergulf Corporation as a truck driver. On or about the early morning of June 18, 2019, Plaintiff's truck was being unloaded at Defendant KM's terminal. Plaintiff was instructed by Defendant KM to await completion of the unloading in Defendant KM's waiting room. As Plaintiff was sitting down in a chair designed, developed, constructed, manufactured, assembled, inspected, tested, marketed and/or sold by the Third-Party Defendants that was located in Defendant KM's waiting room, the chair legs collapsed, sending Plaintiff to the ground and causing severe injuries to his back, knee, ankle and body in general. Plaintiff's injuries were proximately caused by the dangerous conditions described above, which Defendant and Third-Party Defendants knew or, in the exercise ordinary care,

10

should have known existed and failed to rectify. At the time of the incident in question, the employees of Defendant and Third-Party Defendants were acting in the course and scope of their employment.

On August 23, 2021, Plaintiff served his First Set of Jurisdictional Requests for Admission, Interrogatories, and Requests for Production to Defendant Tangshan. Defendant Tangshan responded to Plaintiff's discovery on September 22, 2021, though many of the responses were incomplete. (*See Exhibit "A"*). Plaintiff has requested that Defendant Tangshan supplement their [sic] discovery responses, pointing out the specific requests at issue. This Motion is necessary to secure these documents in order so that Plaintiff can properly prepare his case for trial, which is currently set for the two-week trial docket beginning October 24, 2022.

## II. AUTHORITY AND ARGUMENT

Texas law is clear that parties are entitled to discovery of material relevant to the subject matter of a pending action, when it relates to claims or defenses of any party. It is not grounds for objection that information will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3(a). Nor is it proper for Defendant to delay the discovery process with promise of supplementation when it has had more than ample time to do so. The attempt by the Defendant to limit the discovery by refusing to supplement or answer requests seeking information regarding Plaintiff's claims and/or Defendant's defenses is incongruent with the intent of Rule 192.3. A "party must state specifically the legal or factual basis for [its] objection [to propounded discovery] and the extent to which the party is refusing to comply with the request." Tex. R. Civ. P. 193.2(a). Texas courts have mandated open and liberal discovery, noting that the ultimate purpose of discovery is to "seek the truth so that lawsuits are decided by what the true facts reveal and not by what facts are concealed." *See Smith Wright & Webb, P.C. v. Stone*, 818 S.W.2d 926 (Tex. App.—Houston [14th Dist.] 1991, no writ). The purpose of discovery is allow parties to obtain the fullest possible knowledge of the facts and issues prior to

11

trial. *See Martinez v. Rutledge*, 592 S.W.2d 398 (Tex. App.—Dallas 1980, writ ref'd n.r.e.). The goal of obtaining full knowledge of facts is hindered when a party refuses to supplement or answer relevant discovery that seeks information pertaining to the allegations specifically asserted by that party in their petition.

\*    \*    \*

## III. CONCLUSION

Plaintiff's request for document supplementation seeks factual information going to the crux of the issues in this case. Defendant Tangshan has frustrated the discovery process by refusing to answer at all and/or providing meaningless responses to these requests. . . .

Van Davis has not asserted that the discovery he seeks is for determining personal jurisdiction. Although jurisdictional discovery must be reasonably calculated to lead to the discovery of admissible evidence, additional requirements must be met before the party opposing the special appearance is entitled to such discovery. *See id.* at 676 (explaining that it is not enough that jurisdictional discovery is reasonably calculated to lead to discovery of admissible evidence). Van Davis must establish that the information sought is essential to prove at least one disputed factor that is necessary to his proposed theory or theories of personal jurisdiction, otherwise Van Davis is not entitled discovery at the special appearance stage on any factor that is undisputed as it is not essential to his opposition to Chen Yang's special appearance. *See id.* at 678.

Van Davis states in his motion to compel that he is seeking merits discovery without referencing jurisdictional discovery. He has not explained how the requested discovery is essential to prove at least one disputed factor that is necessary to any theory that the trial court has personal jurisdiction over ChenYang. *See Stern*,

12

321 S.W.3d at 84 (observing that plaintiff provided no arguments or authorities supporting her position that discovery she sought was jurisdictional on any theory other than broad-based conspiracy theory and holding that court ordered discovery without plaintiff's having shown that discovery order was relevant to jurisdictional facts pled and essential to justify plaintiff's opposition to special appearance was abuse of discretion). Moreover, even if Van Davis's motion to compel were sufficient, we nonetheless find that for the reasons discussed below, the trial court abused its discretion because Van Davis's active pleading negated general jurisdiction, ChenYang responded to each request for admissions, and the interrogatories and requests for production do not focus on the operative facts of the case or the subject chair necessary for specific jurisdiction.

## II. Van Davis's Discovery Requests

A nonresident defendant's contacts may give rise to either general or specific jurisdiction. *TV Azteca v. Ruiz*, 490 S.W.3d 29, 37 (Tex. 2016). General jurisdiction exists when a defendant's contacts are continuous and systematic, even if the cause of action did not arise from activities performed in the forum state. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010). General jurisdiction requires that a defendant be "essentially at home" in the forum State. *Christianson Air Conditioning & Plumbing, LLC*, 639 S.W3d at 679 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). In the "paradigm" case, a corporation's place of domicile are its place of incorporation or principal place of business. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, —U.S.—, 141 S. Ct. 1017, 1024 (2021).

When specific jurisdiction is alleged, the minimum contacts analysis focuses on the "relationship among the defendant, the forum[,] and the litigation. *Moki Mac River Expedition v. Drugg*, 221 S.W.3d 569, 575–76 (Tex. 2007). For a court to exercise specific jurisdiction over a nonresident defendant, (1) the defendant's contacts must be purposeful; and (2) the cause of action must arise from or relate to those contacts. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).

"The stream-of-commerce doctrine is a useful tool to conceptualize minimum contacts in product liability cases. Its utility derives from the recognition that specific jurisdiction over nonresident manufacturers is often premised on 'indirect' sales by independent distributors or agents." *Luciano*, 625 S.W.3d at 9. "But a seller's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product in the stream into an act purposefully directed toward the forum State." *Id.* at 9–10 (internal quotation marks & citations omitted).

Instead, "Texas courts require additional conduct evincing an intent or purpose to serve the market in the forum State, whether directly or indirectly." *Id.* at 10 (internal quotation marks & citations omitted). This additional conduct is known as the "plus factor." *Christianson Air Conditioning & Plumbing, LLC*, 639 S.W3d at 679. Additional conduct of the defendant indicating an intent or purpose to serve the market in the forum State includes "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State."

14

*Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 112 (1987).

## A. General Jurisdiction

Van Davis alleged in his second amended petition that (1) ChenYang is incorporated in China and doing business in the United States, specifically with Belnick, for the purpose of accumulating monetary profits; and (2) its principal place of business, where it may be served, is Tang Shan City, China. Because Van Davis expressly identified China as the location of ChenYang's incorporation and principal place of business, he negated any possibility that Texas would have general jurisdiction over ChenYang. *See In re Deutsche Bank Secs., Inc.*, No. 03-14-00744-CV, 2015 WL 4079280. at *5 (Tex. App.—Austin July 3, 2015, orig. proceeding) (mem. op.) (holding plaintiff's pleadings failed to establish either prime locations for general jurisdiction in Texas where plaintiff started in petition that relator was organized under Delaware law and its principal place of business was located in New York).

## B. Specific Jurisdiction

### 1. Requests for Admissions

Van Davis served 99 requests for admissions. ChenYang, in its original responses and amended responses, denied each of the 99 requests. When an answering party denies or refuses to make an admission of fact, such refusal is nothing more than a refusal to admit a fact; it is not evidence of any fact except the fact of refusal. *Newman v. Utica Nat'l Ins. Co. of Tex.*, 868 S.W.2d 5, 8 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Denials are not legal or competent

15

evidence. *See Newman v. Utica Nat'l Ins. Co. of Tex.*, 868 S.W.2d 5, 8 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *see also Am. Commc'ns Telecomms., Inc. v. Commerce N. Bank*, 691 S.W.3d 44, 48 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.) (holding trial court properly refused to admit responses denying requests for admissions into evidence); *Carbonite Houston, Inc. v. Exchange Bank*, 628 S.W.2d 826, 829 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (refusing to consider denials of requests for admissions in summary judgment evidence). Instead, denials are simply indicative of the responding party's unwillingness to concede facts and the requesting party's burden to prove those facts at trial. *See Perez v. Borrego*, No. DR-09-CV-003-AML/VRG, 2009 WL 10700885, at \*4 (W.D. Tex. Sept. 16, 2009). The trial court abused its discretion by compelling ChenYang to respond to requests for admissions when ChenYang had already denied each one.

### 2. Interrogatories

The following three interrogatories are at issue in this proceeding:

**INTERROGATORY NO. 1**: With regard to Tangshan's ability to reasonably anticipate being haled into court in Texas, please list the names and contact information (along with the contact information for their attorneys, if any) of the claimants and potential claimants and counterclaimants and cross-claimants who have provided Tangshan with claims or notice of potential claims (including claims for relief where another party initiated the claim, including cross-claims and counterclaims) alleged to involve services or products or Tangshan related companies' property (intellectual and otherwise) or other conduct alleged to have breached any standard in Texas; along with each name, please identify:

a) the product or service or property or other conduct at issue;

b) whether the claim or potential claim involved a property damage or infringement claim, an injury or death claim, or a claim of some other nature (please specify the nature of such claims or potential claims); and

c) whether or not Defendant either submitted to court or was haled into court in Texas in connection with the claim (for each claim where Defendant submitted to court or was haled into court in Texas in connection with such claim, please list the style, cause number, presiding court, dates of notice and filing and resolution, whether or not Defendant contested the court's personal jurisdiction over it in that matter, and whether there was a court order finding that the court lacked personal jurisdiction over Defendant).

\* \* \*

**INTERROGATORY NO. 7**: Has any member, manager, or employee of Defendant directed, paid for, or contracted with a company based in the United States for any service? If the answer is yes, describe in detail the details of each contract and payment, the subject of each contract and payment, and when such contract and payment took place.

**INTERROGATORY NO. 8**: Please list all stores where Defendants' products are sold that are or have been located in Texas during The Time Period, and for each store, please list whether Defendant has any kind of indemnity agreement with that store and whether Defendant has any advertising costs that the store incurs.

Each of these interrogatories suffers from the same problem. They do not seek information relevant to any action by ChenYang with respect to the operative facts or the specific chair at issue in Texas. *See Spir Star AG*, 310 S.W.3d at 873 ("A court has specific jurisdiction over a defendant if its alleged liability arises from or is related to an activity conducted within the forum"). Therefore, interrogatories 1, 7, and 8 do not relate to establishing specific jurisdiction in this case and the trial court abused its discretion by compelling ChenYang to respond to them.

17

### 3. Requests for Production

The following 26 requests for production are at issue in this proceeding:

**REQUEST FOR PRODUCTION NO. 1**: Regarding lawsuits, claims, and potential claims identified in response to Interrogatory No. 1, please produce the following:

a) The papers and other documentation which gave or recorded notice and description of the claim or lawsuit (including the letters and correspondence back and forth pertaining to property damage claims, pleadings and complaints in lawsuits, notice of claims communications, electronic complaints, logs and descriptions of telephone complaints, etc.);

b) Documentation of the claimants' names, and phone numbers, and physical addresses, and email addresses, and counsel (if any), and counsel's phone numbers, and counsel's physical addresses, and counsel's email addresses;

c) Governmental records of the incident alleged to have served as the basis of the claim or lawsuit (including U.S. Consumer Product Safety Commission reports, OSHA reports, EEOC reports, NTSB reports, NHTSA reports, etc.);

d) Description and recording (including video and photographic recording as well as written and electronic notes) and analysis of the incident alleged to have served as the basis of the claim or lawsuit (including photographs, notes, failure analysis or reconstruction performed by any governmental agency, failure analysis or reconstruction performed by anyone on behalf of the claimant, failure analysis, reenactment, or reconstruction);

e) The papers and other documentation which reflect disposition of the claim or lawsuit (including the documentation reflecting whether the claim was honored or denied and the manner in which those claims were resolved, reflecting whether the lawsuits which proceeded to trial or other non-agreed final disposition were resolved by the fact finder or

legal body in favor or one party or the other and the manner in which those lawsuits were resolved, reflecting whether the lawsuits which proceeded to an agreed resolution were resolved and the manner in which those lawsuits were resolved, etc.); and

f) Testimony (including depositions, sworn papers, in-court testimony, etc.) in connection with the claimed breach of duty and alleged incident claimed to have resulted from the breach (including testimony from users of the product or service at the time of the alleged breach, testimony of eyewitnesses to the alleged breach, etc.).

**REQUEST FOR PRODUCTION NO. 2**: Limited to The Time Period, please produce documentation identifying or describing Defendant's arrangements regarding each of the following:

a) sales or leases of products or property (intellectual or otherwise) made or distributed or owned by Tangshan related companies and services provided by or through Defendant in Texas;

b) distribution of products or property (intellectual or otherwise) made or distributed or owned by Tangshan related companies and services provided by or through Defendant in Texas.

c) Defendant's intellectual property rights which are applicable in Texas and enforceable by Texas courts.

**REQUEST FOR PRODUCTION NO. 3**: Limited to The Time Period, please produce documentation identifying or detailing which Tangshan related companies bear the responsibility for the contents of and are also in a position to potential reap some benefit from:

a) https://chenyangsport.en.alibaba.com/ website;

b) https://www.chenyangsports.com/ website;

c) the Tangshan-related internet presence which is linked to the https://chenyangsport.en.alibaba.com/ website and which can be accessed by clicking on internet links found within the https://chenyangsport.en.alibaba.com/ website; and

d) the Tangshan-related internet presence which is linked to the https://www.chenyangsports.com/ website and which can be accessed by clicking on internet links found within the https://www.chenyangsports.com/ website.

**REQUEST FOR PRODUCTION NO. 4**: Limited to The Time Period, please produce all documentation identifying or describing the following:

a) Tangshan related companies' real and personal property in Texas;

b) Tangshan related companies' business premises, leases, contracts, and other agreements associated with Texas;

c) Tangshan related companies' real and personal property in Texas;

d) Tangshan related companies' business premises, leases, contracts, and other agreements associated with Texas;

e) Tangshan related companies' personnel, directors, and other business managers associated with responsibilities applicable in Texas;

f) Tangshan related companies' agents with authority to enter transactions binding in Texas on any of the Tangshan related companies or with other managerial responsibility; and

g) Tangshan related companies' profits, income, salaries, expenses, banking, investments, and tax liabilities associated with Texas and how those matters are allocated among the different Tangshan related companies both in fact and also in public filings and other official documents required by or filed with the federal or Texas governments and their agencies and departments.

\* \* \*

**REQUEST FOR PRODUCTION NO. 7**: Please produce documentation regarding the number of chairs that have been supplied to Belnick by Tangshan related companies.

**REQUEST FOR PRODUCTION NO. 8**: Please produce all documentation containing information regarding the number of chairs that have been supplied to Belnick by Tangshan related companies.

**REQUEST FOR PRODUCTION NO. 9:** All banking records from Defendant, which show any and all monies transferred from Defendant, or any of its affiliates or subsidiaries, to any individual person residing in Texas.

**REQUEST FOR PRODUCTION NO. 10:** All banking records from Defendant, which show any and all monies transferred from Defendant, or any of its subsidiaries, to any business entity which represents payment for any product or service produced in Texas.

**REQUEST FOR PRODUCTION NO. 11:** Any employment agreements, compensation agreements, compensation plans, or other contractual agreements between Defendant and any individual person residing in Texas.

**REQUEST FOR PRODUCTION NO. 12:** Any employment agreements, compensation agreements, compensation plans, or other contractual agreements between Defendant, or any of its subsidiaries, and any business entity operating in Texas.

**REQUEST FOR PRODUCTION NO. 13**: Produce any and all documents evincing employment agreements, or any other type of compensation agreement, between Defendant and any of its owners, employees, officers and directors, which own or operate a business in Texas.

**REQUEST FOR PRODUCTION NO. 14**: Produce any and all documents evidencing monetary payments of rent, or other compensation, from Defendant to any individual residing in Texas or any business entity operating in Texas, which leases real property within Texas to Defendant or any of its subsidiaries.

**REQUEST FOR PRODUCTION NO. 15**: Produce any and all lease agreements entered into between Defendant, and any of its subsidiaries, and any other entity for the purpose of leasing real property in Texas

**REQUEST FOR PRODUCTION NO. 16**: Produce any and all documents in your possession which purports to show any payments to or received from any company located in Texas.

**REQUEST FOR PRODUCTION NO. 17**: Produce any and all documents in your possession, including day files, personnel files, performance reviews, and any and all employment agreements and compensation agreements between Defendant and any company located in Texas.

**REQUEST FOR PRODUCTION NO. 18**: Produce all bills, billing memorandum, invoices or fee statements that refer, reflect, pertain or mention in any way fees or expenses that you have been charged in connection with any purchase of products or services produced in Texas.

**REQUEST FOR PRODUCTION NO. 19**: Produce the complete minutes and agenda of all management, partner, and board of director meetings for Defendant which purports to show commercial activities of Defendant members, managers, or employees, in the state of Texas.

**REQUEST FOR PRODUCTION NO. 20**: Produce any and all papers, certificates or other filings that evidence any corporate status of Defendant, its affiliates and/or subsidiaries, with the Texas Secretary of State.

**REQUEST FOR PRODUCTION NO. 21**: Produce any and all papers, certificates or other filings that evidence any corporate status of Defendant, its affiliates and/or subsidiaries, with any U.S. state.

**REQUEST FOR PRODUCTION NO. 22**: Produce any and all documents Defendant, its affiliates and/or subsidiaries, that were filed with any Texas state regulatory bodies/agencies.

**REQUEST FOR PRODUCTION NO. 23**: Produce any and all contracts between you and any other Defendant which were formed in Texas.

**REQUEST FOR PRODUCTION NO. 24**: Produce any and all contracts between you and any company for which required performance, in whole or in part, in Texas.

**REQUEST FOR PRODUCTION NO. 25**: Produce any and all corporate bylaws of any Defendant for the years 2015 through present that you may have in your possession or have access to.

**REQUEST FOR PRODUCTION NO. 26**: Produce an organizational/hierarchy chart of which purports to show any member, manager, or employee, performing actions within Texas for Defendant's financial benefit or financial obligation.

**REQUEST FOR PRODUCTION NO. 27**: Produce any and all contracts between you and any of your customers which reside in Texas.

**REQUEST FOR PRODUCTION NO. 28**: Produce any and all documents evidencing any purchase of equipment, including software, software licenses and computers, which originated in Texas.

As with the interrogatories, none of the requests for production seek information seek information relevant to any action by ChenYang with respect to the operative facts or the specific chair at issue in Texas. *See Spir Star AG*, 310 S.W.3d at 873 ("A court has specific jurisdiction over a defendant if its alleged liability arises from or is related to an activity conducted within the forum").[4] Therefore, the above-26 requests for production do not relate to establishing specific

---

[4] Most of the requests for production suffer from other problems, but it is not necessary to address the other deficiencies.

jurisdiction in this case. Therefore, the trial court abused its discretion by ordering ChenYang to produce responsive documents to the 26 requests at issue.

## NO ADEQUATE REMEDY BY APPEAL

ChenYang does not have an adequate remedy by appeal. ChenYang has a substantive right not to engage in jurisdictional discovery when Van Davis has failed to show that he is entitled to such discovery. In determining whether there is an adequate remedy by appeal, courts "must consider whether mandamus will preserve important substantive and procedural rights from impairment or loss." *Team Rocket, L.P.*, 256 S.W.3d at 262. The trial court's discovery order cannot be cured on appeal. *See Dana Corp.*, 138 S.W.3d at 301; *Ford Motor Co.*, 988 S.W.2d at 721.

## CONCLUSION

Having concluded that the trial court abused its discretion and ChenYang does not have an adequate remedy by appeal, we conditionally grant ChenYang's petition for writ of mandamus and direct the trial court to vacate its February 7, 2023 order granting Van Davis's motion to compel jurisdictional discovery. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the court fails to do so.


PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.